### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:   December 11, 2014                    105797
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

RALPH HAROLD JR., Also Known
    as ESSENCE HAROLD,
                        Appellant.
_____


Calendar Date:   November 21, 2014

Before:   McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____


        Carl J. Silverstein, Monticello, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt of counsel), for respondent.

_____


Devine, J.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered February 6, 2013, convicting defendant
upon his plea of guilty of the crime of criminal sexual act in
the first degree.

        In satisfaction of a five-count indictment, defendant
pleaded guilty to criminal sexual act in the first degree.  Under
the terms of the plea agreement, defendant was to be sentenced to
15 years in prison, followed by 15 years of postrelease
supervision.  At sentencing, County Court imposed a prison term
of 15 years with 20 years of postrelease supervision.  Defendant
appeals.

Defendant's contention that the period of postrelease supervision imposed did not conform to the plea agreement is not preserved for our review given defendant's failure to object at the time of sentencing (see People v Wright, 89 AD3d 1232, 1232 [2011]).  Nevertheless, because the record demonstrates that County Court specifically committed to sentence defendant to a 15-year-period of postrelease supervision, we will exercise our interest of justice jurisdiction and modify the sentence imposed by sentencing defendant to the agreed-upon 15 years of postrelease supervision (see CPL 470.15 [3] [c]).  We note that since County Court found the agreed-upon sentence to be appropriate, "defendant need not be provided an opportunity to withdraw his plea as our modification gives effect to the promise which had originally induced defendant's plea" (People v Wright, 89 AD3d at 1233 [internal quotation marks and citation omitted]).

To the extent that defendant challenges the agreed-upon sentence as harsh and excessive, we find no extraordinary circumstances nor an abuse of discretion so as to warrant a reduction of the negotiated sentence in the interest of justice (see People v Davis, 114 AD3d 1003, 1004 [2014], lv denied 23 NY3d 962 [2014]).  Finally, even if defendant's challenge to the effectiveness of his counsel were preserved for our review (see People v Wasley, 119 AD3d 1216, 1216 [2014]), we would find it to be without merit as the record demonstrates that defendant was provided with meaningful representation (see People v Cancer, 16 AD3d 835, 839-840 [2005], lv denied 5 NY3d 826 [2005]).

McCarthy, J.P., Garry, Lynch and Clark, JJ., concur.

ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the period of postrelease supervision to 15 years, and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court