## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: November 19, 2015        106859
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
               Respondent,

     v                                MEMORANDUM AND ORDER

NICHOLAS C. PANDORI,
               Appellant.
_____


Calendar Date: October 19, 2015

Before: McCarthy, J.P., Rose, Devine and Clark, JJ.

_____

Linda A. Berkowitz, Saratoga Springs, for appellant.

M. Elizabeth Coreno, Special Prosecutor, Saratoga Springs, for respondent.

_____

Rose, J.

Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered May 13, 2014, convicting defendant upon his plea of guilty of the crime of grand larceny in the third degree.

Defendant waived indictment, pleaded guilty to a superior court information charging him with grand larceny in the third degree and waived his right to appeal. County Court thereafter sentenced him to five years of probation. Defendant now appeals.

We affirm. Initially, we reject defendant's contention that his waiver of the right to appeal was invalid. Both County Court and the written waiver informed him of the separate and distinct nature of the right to appeal, and County Court

confirmed that defendant had discussed the waiver with counsel and understood its ramifications. Therefore, we conclude that defendant knowingly, intelligently and voluntarily waived the right to appeal his conviction and sentence (see People v Fligger, 117 AD3d 1343, 1344 [2014], lv denied 23 NY3d 1061 [2014]; People v Chavis, 117 AD3d 1193, 1193-1194 [2014]). Although defendant's remaining claim – that his plea was not voluntarily entered due to the ineffective assistance of counsel – survives his appeal waiver, it is unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion (see People v Smith, 119 AD3d 1088, 1089 [2014], lv denied 24 NY3d 1089 [2014]; People v Livziey, 117 AD3d 1341, 1342 [2014]). To the extent that his claim addresses matters outside the record, they are more properly the subject of a CPL article 440 motion (see People v Stroman, 107 AD3d 1023, 1025 [2013], lv denied 21 NY3d 1046 [2013]; People v Planty, 85 AD3d 1317, 1318 [2011], lv denied 17 NY3d 820 [2011]).

McCarthy, J.P., Devine and Clark, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court