## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  June 16, 2016                    107103
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

OMAR RICH,
                    Appellant.
_____

Calendar Date:  April 27, 2016

Before:  Peters, P.J., Lahtinen, Garry, Clark and Mulvey, JJ.

_____

Salvatore Adamo, Albany, for appellant.

Kathleen B. Hogan, District Attorney, Lake George (Emilee B. Davenport of counsel), for respondent.

_____

Garry, J.

Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered July 30, 2014, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.

Defendant pleaded guilty as charged to criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree. County Court thereafter sentenced him to eight years in prison, to be followed by 1½ years of postrelease supervision, with the sentence to run concurrently to a sentence he was currently serving.  Defendant appeals, and we affirm.

Initially, defendant's contention that his plea was not knowing, voluntary and intelligent and that he was denied the effective assistance of counsel were not preserved for our review by an appropriate postallocution motion (see People v Trombley, 115 AD3d 1114, 1114 [2014], lv denied 23 NY3d 1068 [2014]).  As to the plea, we note that the narrow exception to the preservation requirement was triggered by defendant's initial denial during the plea colloquy that he had the intent to sell the narcotics, thus negating an element of criminal possession of a controlled substance in the third degree (see Penal Law § 220.16 [1]), and triggering a duty on the part of County Court to conduct further inquiry (see People v Lopez, 71 NY2d 662, 666 [2013]; People v Peterson, 124 AD3d 993, 994 [2015]; People v Morehouse, 109 AD3d 1022, 1022 [2013]).  However, the record reveals that the court did then conduct sufficient further inquiry of defendant to confirm that he understood the nature of the charge and ensure the validity of the plea, and defendant thereafter admitted to having the requisite intent to sell. "[A]s defendant failed to express any dissatisfaction with the court's remedial action in this regard, defendant has waived any further challenge to his allocution" (People v English, 100 AD3d 1147, 1148 [2012]; see People v Karolys, 85 AD3d 1213 [2011], lv denied 17 NY3d 818 [2011]).  Accordingly, we find that the plea was knowing, voluntary and intelligent (see People v Lopez, 71 NY2d at 667-668; People v Howard, 119 AD3d 1090, 1090 [2014], lv denied 24 NY3d 961 [2014]).

Finally, as to defendant's claim that the sentence is harsh and excessive, the record reveals no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence (see People v Harold, 123 AD3d 1237, 1238 [2014]; People v Terry, 122 AD3d 955, 956 [2014]).

Peters, P.J., Lahtinen, Clark and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court