Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  December 22, 2016                    107362
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

SHANNON WHITE,
                        Appellant.
_____

Calendar Date:  November 18, 2016

Before:  Peters, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.

_____

        William T. Morrison, Albany, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Tracey A.
Brunecz of counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the County Court of Schenectady
County (Hoye, J.), rendered January 26, 2015, convicting
defendant upon his plea of guilty of the crime of criminal sale
of a controlled substance in the third degree.

        Defendant pleaded guilty to criminal sale of a controlled
substance in the third degree in full satisfaction of an eight-
count indictment with the understanding that he would be
sentenced to a prison term of between 8 and 10 years, and the
plea agreement included a waiver of the right to appeal.  County
Court thereafter sentenced defendant, as a second felony
offender, to nine years in prison, to be followed by two years of
postrelease supervision.  Defendant now appeals.

We affirm.  Contrary to defendant's contention, his waiver of the right to appeal was valid.  Both County Court and the detailed written waiver executed by defendant in open court informed him that the right to appeal is separate and distinct from the rights forfeited by a guilty plea, and the court confirmed that he had discussed the waiver with counsel and understood its ramifications.  Accordingly, we conclude that defendant knowingly, intelligently and voluntarily waived the right to appeal his conviction and sentence (see People v Pandori, 133 AD3d 1044, 1045 [2015]; People v Mayo, 130 AD3d 1099, 1099-1100 [2015]).  Defendant's valid appeal waiver precludes him from challenging his sentence as harsh and excessive (see People v Smith, 137 AD3d 1425, 1426 [2016], lv denied 27 NY3d 1075 [2016]; People v Forget, 136 AD3d 1115, 1116 [2016], lv denied 28 NY3d 929 [2016]).

As to defendant's remaining claim of ineffective assistance of counsel, inasmuch as the claim relates to sentencing and not the voluntariness of his plea, this claim is also precluded by his appeal waiver (see People v White, 47 AD3d 1062, 1063 [2008], lv denied 10 NY3d 818 [2008]; People v Howard, 1 AD3d 718, 719 [2003]).  In any event, we find the claim to be unpersuasive. Defendant contends that he was denied the effective assistance of counsel due to counsel submitting a lengthy presentence memorandum too close to the sentencing date to allow County Court to properly evaluate it when determining his sentence.  County Court stated that it had reviewed the memorandum prior to sentencing, however, and defense counsel orally made the case for a more lenient sentence based upon defendant's medical records before County Court imposed sentence.  Accordingly, if this issue were properly before us, we would find that it was without merit (see People v Johnson, 267 AD2d 609, 610 [1999]).

Peters, P.J., McCarthy, Egan Jr. and Lynch, JJ., concur.

ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court