*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 22, 2016                     106579
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                         Respondent,

        v                                        MEMORANDUM AND ORDER

LAWRENCE AHRENS JR., Also
    Known as LARRY AHRENS,
    Also Known as TOM PETERSON,
                         Appellant.
_____

Calendar Date:  November 18, 2016

Before:  Peters, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.

                        _____


        Mitch Kessler, Cohoes, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Tracey A.
Brunecz of counsel), for respondent.

                        _____


Devine, J.

        Appeal from a judgment of the Supreme Court (Coccoma, J.),
rendered October 10, 2013 in Schenectady County, convicting
defendant upon his plea of guilty of the crimes of arson in the
second degree and criminal possession of a weapon in the first
degree.

        In satisfaction of a multi-count indictment, defendant
pleaded guilty to one count of arson in the second degree and one
count of criminal possession of a weapon in the first degree and
waived his right to appeal.  He was thereafter sentenced, in
accordance with the terms of the plea agreement, to concurrent
prison terms of 15 years, to be followed by five years of

postrelease supervision.  Defendant appeals.

We affirm.  Defendant waived his right to appeal and did not preserve his challenge to the voluntariness of his plea by moving to withdraw it (see People v Lopez, 71 NY2d 662, 665-666 [1988]).  The narrow exception to the preservation rule is applicable, however, as defendant initially denied during the plea colloquy that there was a reasonable possibility that a third party was present in the subject building at the time the subject fire was started (see Penal Law § 150.15), thereby triggering a duty by Supreme Court to conduct further inquiry (see People v Tyrell, 22 NY3d 359, 363-364 [2013]; People v Rich, 140 AD3d 1407, 1407 [2016], lv denied 28 NY3d 936 [2016]; People v Peterson, 124 AD3d 993, 994 [2015]).  Supreme Court did conduct that further inquiry and ensured that the elements of arson in the second degree were established which, in turn, confirmed that defendant's plea was knowing and voluntary (see People v English, 100 AD3d 1147, 1148 [2012]).  Inasmuch as defendant failed to express any dissatisfaction with the court's remedial action, he has waived any further challenge to his allocution (see People v Lopez, 71 NY2d at 668; People v Rich, 140 AD3d at 1407; People v English, 100 AD3d at 1148).

Peters, P.J., McCarthy, Egan Jr. and Lynch, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court