■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUALON COOKS, Appellant. [51 NYS3d 433]—

---

McCarthy, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered June 13, 2014, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

Defendant pleaded guilty to robbery in the second degree in satisfaction of two indictments and another uncharged crime. As part of his guilty plea, he waived his right to appeal both orally and in writing. In accordance with the terms of the plea agreement, he was sentenced to 10 years in prison, to be followed by five years of postrelease supervision. Defendant now appeals.

Initially, we find no merit to defendant's challenge to the validity of his waiver of the right to appeal. Our review of the record discloses that County Court explained the consequences of the waiver and advised defendant that it was separate and distinct from the other rights that he was forfeiting by pleading guilty. Defendant communicated his understanding and, after conferring with counsel, signed a written waiver in open court. Accordingly, we find that the waiver was knowing, voluntary and intelligent (*see People v Dolberry*, 147 AD3d 1149, 1150 [2017]; *People v Simpson*, 146 AD3d 1175, 1176 [2017]).

Although defendant's valid appeal waiver does not preclude him from contesting the voluntariness of his guilty plea, this claim has not been preserved for our review as the record does not reveal that he made an appropriate postallocution motion (*see People v Dolberry*, 147 AD3d at 1150; *People v Darrell*, 145 AD3d 1316, 1317 [2016]). Moreover, inasmuch as defendant did not make any statements during the plea colloquy that cast doubt upon his guilt, the exception to the preservation rule is inapplicable (*see People v Lopez*, 71 NY2d 662, 665-666 [1988]; *People v Darrell*, 145 AD3d at 1317). Likewise, to the extent that defendant's claim of ineffective assistance of counsel raised in his supplemental pro se brief impacts the voluntariness of his plea, it has also not been preserved due to the absence of a postallocution motion (*see People v Fairweather*, 147 AD3d 1153, 1154 [2017]; *People v Golgoski*, 145 AD3d 1195, 1195 [2016]). Defendant's other pro se assertions regarding counsel's alleged deficiencies are precluded by his valid appeal waiver (*see People v White*, 145 AD3d 1324, 1325 [2016]), as is his challenge to the severity of the sentence (*see People v McCall*, 146 AD3d 1156, 1157 [2017]; *People v Taylor*, 144 AD3d 1317, 1318 [2016], *lv denied* 28 NY3d 1151 [2017]).

Peters, P.J., Egan Jr., Mulvey and Aarons, JJ., concur. Ordered that the judgment is affirmed.