■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEYDEN GREEN, Appellant. [60 NYS3d 712]—

Aarons, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered March 24, 2014, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Defendant was charged in two indictments with various drug-related crimes arising from his sale of heroin to undercover police and the execution of a search warrant at his home. Defendant moved pursuant to CPL 216.05 for judicial diversion based upon his alleged drug addiction, and the motion was denied by County Court. Thereafter, defendant pleaded guilty to criminal sale of a controlled substance in the third degree in satisfaction of all charges. In accordance with the terms of the plea agreement, he was sentenced to three years in prison, to be followed by two years of postrelease supervision. He now appeals.

Initially, defendant contends that he was denied the effective assistance of counsel because his counsel failed to follow the procedure prescribed by CPL 216.05 and request a substance abuse evaluation in connection with the motion for judicial diversion. This claim, however, has not been preserved for our review as defendant did not raise it before County Court, and the record does not reveal that he made a motion to withdraw his guilty plea on this ground (*see People v Driscoll*, 147 AD3d 1157, 1158 [2017], *lv denied* 29 NY3d 1078 [2017]).

Defendant further argues that his counsel was ineffective in abandoning his request for a *Mapp* hearing and recommending that he enter a guilty plea when defendant was not in the proper state of mind. Although clearly impacting the voluntariness of his guilty plea, this claim is also unpreserved given that the record does not disclose that defendant made an appropriate postallocution motion (*see People v Cooks*, 150 AD3d 1323, 1324 [2017]; *People v Hankerson*, 147 AD3d 1153, 1153 [2017], *lv denied* 29 NY3d 998 [2017]; *People v Cox*, 146 AD3d 1154, 1155 [2017]). Nevertheless, we find that the narrow exception to the preservation rule was triggered by defendant's

initial statement during the plea colloquy that he did not know that the substance was heroin, thereby negating an element of criminal sale of a controlled substance in the third degree (*see* Penal Law § 220.39 [1]) and imposing a duty upon County Court to conduct a further inquiry (*see People v Lopez*, 71 NY2d 662, 665-666 [1988]; *People v Rich*, 140 AD3d 1407, 1407 [2016], *lv denied* 28 NY3d 936 [2016]). The record indicates that County Court further questioned defendant concerning his knowledge of the substance and briefly recessed the proceeding to allow him to confer with counsel after which defendant admitted that he knew that the substance was, in fact, heroin. Defendant has not contested County Court's remedial action, and there is no indication that he was mentally impaired at the time that he entered his guilty plea (*see People v Guyette*, 121 AD3d 1430, 1431 [2014], *lv denied* 27 NY3d 998 [2016]). Accordingly, we find that defendant's guilty plea was knowing, voluntary and intelligent (*see People v Pixley*, 150 AD3d 1555, 1556 [2017]; *People v Rich*, 140 AD3d at 1407).* Furthermore, we find that he received an advantageous plea and that nothing in the record casts doubt upon his counsel's effectiveness (*see People v McCray*, 139 AD3d 1235, 1237 [2016]; *People v Seuffert*, 104 AD3d 1021, 1022 [2013], *lv denied* 21 NY3d 1009 [2013]).

Garry, J.P., Egan Jr., Devine and Rumsey, JJ., concur. Ordered that the judgment is affirmed.

---

* To the extent that defendant also challenges County Court's failure to comply with the procedures set forth in CPL 216.05, this is the type of claim that is foreclosed by his knowing, voluntary and intelligent guilty plea (*see People v Sirico*, 135 AD3d 19, 23-25 [2015], *lv denied* 27 NY3d 1075 [2016]).