People v Brown (2017 NY Slip Op 09204)





People v Brown


2017 NY Slip Op 09204


Decided on December 28, 2017


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 28, 2017

107878

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ALEX BROWN, Appellant.

Calendar Date: November 20, 2017

Before: McCarthy, J.P., Rose, Devine, Mulvey and Rumsey, JJ.


Stephen W. Herrick, Public Defender, Albany (Theresa M. Suozzi of counsel), for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered August 11, 2015, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with robbery in the first degree. He pleaded guilty to this crime and waived his right to appeal, both orally and in writing. He was sentenced, in accordance with the terms of the plea agreement, to 10 years in prison and five years of postrelease supervision. He now appeals.
Initially, we note that defendant's waiver of the right to appeal is valid. County Court explained that the right to appeal was distinct from the trial-related rights forfeited by the guilty plea, and the record further reflects that defendant, after discussion with defense counsel, executed a written appeal waiver in open court and acknowledged that he understood it (see People v Baxter, 154 AD3d 1010, 1011 [2017]; People v Hess, 150 AD3d 1560, 1560 [2017]; People v Pixley, 150 AD3d 1555, 1556-1557 [2017], lv denied 30 NY3d 952 [2017]; People v White, 145 AD3d 1324, 1324-1325 [2016]). The valid appeal waiver precludes defendant's challenge to the severity of his sentence (see People v Hess, 150 AD3d at 1560; People v White, 145 AD3d at 1324-1325 [2016]).
Although defendant's valid waiver of the right to appeal does not preclude his claim that his guilty plea was not knowing, voluntary and intelligent, this claim has not been preserved for our review as the record does not reveal that he made an appropriate postallocution motion (see People v Dubois, 150 AD3d 1562, 1563 [2017]; People v Cooks, 150 AD3d 1323, 1324 [2017]). [*2]Moreover, the narrow exception to the preservation requirement is inapplicable as defendant did not make any statements during the plea colloquy that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea (see People v Dubois, 150 AD3d at 1563; People v Cooks, 150 AD3d at 1324).
McCarthy, J.P., Rose, Devine and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed.