People v Greene (2021 NY Slip Op 04059)





People v Greene


2021 NY Slip Op 04059


Decided on June 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 24, 2021

110898
[*1]The People of the State of New York, Respondent,
v
Shamel Greene, Appellant.

Calendar Date:June 3, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Stephen W. Herrick, Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered January 26, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.
Defendant waived indictment and pleaded guilty to a superior court information charging him with criminal possession of a controlled substance in the second degree and waived his right to appeal with the understanding that he would be sentenced to a prison term of between seven and eight years followed by five years of postrelease supervision. County Court thereafter sentenced defendant, a second felony offender, to a prison term of eight years followed by five years of postrelease supervision. Defendant appeals.
Initially, defendant contends that he made statements at sentencing that negated an element of the crime and County Court thereafter failed to make a sufficient inquiry into such statement to ensure that the plea was knowing and voluntary or provide him an opportunity to withdraw his plea. We disagree. The charges stem from defendant being in possession of a package containing more than four ounces of heroin, which, as related by defendant, he was being paid to transport for someone from New York City to upstate New York. The presentence investigation report reflects that defendant stated during the interview that he "did not know specifically what was in the bag" that he was transporting. Upon inquiry from County Court at sentencing, defendant explained that he did not "go in" the package; however, he reaffirmed and acknowledged that he was in possession of narcotics and was taking responsibility for that. Even if defendant's statement triggered the narrow exception to the preservation rule, we find that, under the circumstances, the court made a sufficient inquiry to establish that the plea was knowingly and voluntarily entered (see People v Lopez, 71 NY2d 662, 667-668 [1988]; People v Green, 153 AD3d 1518, 1519 [2017]; People v Bryant, 128 AD3d 1223, 1224-1225 [2015], lv denied 26 NY3d 926 [2015]). "Having failed to express, in any way, dissatisfaction with the court's remedial action, defendant has waived any further challenge to the allocution, and thus no issue is preserved for our review" (People v Lopez, 71 NY2d at 668 [citation omitted]; see People v Ahrens, 145 AD3d 1322, 1322 [2016], lvs denied 28 NY3d 1181, 1187 [2017]; People v Rich, 140 AD3d 1407, 1407 [2016], lv denied 28 NY3d 936 [2016]). Accordingly, we find that defendant's plea was knowing, voluntary and intelligent (see People v Lopez, 71 NY2d at 667-668; People v Rich, 140 AD3d at 1407).
Defendant's contention that he was deprived of the effective assistance of counsel at sentencing, which is premised upon counsel's failure to aggressively advocate for a more favorable sentence, does not impact the voluntariness of the plea and, therefore, is precluded by the unchallenged waiver of the right to appeal (see People v Botts, 191 AD3d [*2]1044, 1045 [2021], lv denied 36 NY3d 1095 [2021]; People v White, 145 AD3d 1324, 1325 [2016]).
Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.