People v Blair (2022 NY Slip Op 03286)

People v Blair

2022 NY Slip Op 03286

Decided on May 19, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 19, 2022

112188
[*1]The People of the State of New York, Respondent,
v
Nailon Blair, Appellant.

Calendar Date:April 18, 2022

Before:Garry, P.J., Egan Jr., Colangelo, Ceresia and Fisher, JJ.

Erin C. Morigerato, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the Supreme Court (Hogan, J.), rendered August 13, 2019 in Schenectady County, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
In satisfaction of a three-count indictment, defendant pleaded guilty to burglary in the second degree and purportedly waived the right to appeal. Supreme Court sentenced defendant, as a second felony offender, to 15 years in prison, to be followed by five years of postrelease supervision. Defendant appeals.
We agree with defendant's contention that his waiver of the right to appeal was invalid. Defendant executed a written appeal waiver that was overbroad, in that it indicated that the waiver was a complete bar to a direct appeal as well as to collateral relief on certain nonwaivable issues in both state and federal courts (see People v Bisono, 36 NY3d 1013, 1017 [2020]; People v Hilts, 200 AD3d 1306, 1306 [2021]; People v Ghee, 195 AD3d 1244, 1244 [2021], lvs denied 37 NY3d 992 [2021]). Moreover, Supreme Court did not overcome this overbroad language by ensuring during the colloquy that defendant understood that some appellate and collateral review survived the waiver (see People v Lunan, 196 AD3d 969, 969-970 [2021]; People v Avera, 192 AD3d 1382, 1382 [2021], lv denied 37 NY3d 953 [2021]).
Defendant's contention that his plea was not knowing, intelligent and voluntary and that he was denied the effective assistance of counsel are unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion (see People v Nack, 200 AD3d 1197, 1198 [2021], lv denied ___ NY3d ___ [Apr. 20, 2022]; People v Blankenbaker, 197 AD3d 1353, 1354 [2021]). As to the plea, we note that the narrow exception to the preservation rule was triggered by defendant's statements at his initial sentencing hearing that he did not intend to commit a crime, negating an element of burglary in the second degree (see Penal Law § 140.25), which imposed a duty on the part of Supreme Court to conduct a further inquiry (see People v Chin, 160 AD3d 1038, 1039 [2018]; People v Rich, 140 AD3d 1407, 1407 [2016], lv denied 28 NY3d 936 [2016]). After defendant's statements, Supreme Court adjourned sentencing and, upon reconvening five days later, defendant informed the court that, in the interim, he had discussed the element of intent with counsel and that he was no longer claiming a lack of intent to commit a crime. "As defendant failed to express any dissatisfaction with the court's remedial action in this regard, defendant has waived any further challenge to his allocution" (People v Rich, 140 AD3d at 1407 [internal quotation marks, brackets and citations omitted]; see People v Greene, 195 AD3d 1317, 1318 [2021]). Accordingly, we find that defendant's plea was knowing, intelligent and voluntary (see People v Lopez, 71 NY2d 662, 667-668 [2013]; People v Greene, 195 AD3d at 1318; People v Rich, 140 AD3d at 1407).
Finally, we reject defendant's [*2]contention that his sentence is harsh and excessive. Although the sentence imposed was the maximum second felony offender sentence for this crime (see Penal Law §§ 70.06 [6] [b]; 140.25), Supreme Court, in accord with the plea agreement, declined to sentence defendant as a persistent felony offender (see People v Elder, 173 AD3d 1344, 1346 [2019], lv denied 34 NY3d 930 [2019]; People v Farrell, 156 AD3d 1062, 1063 [2017], lv denied 30 NY3d 1115 [2018]). As such, and in light of defendant's extensive criminal record, we discern no abuse of discretion or extraordinary circumstances warranting a reduction of the agreed-upon sentence in the interest of justice (see People v Pagan, 194 AD3d 1263, 1264 [2021]; People v Cancer, 185 AD3d 1353, 1354 [2020]).
Garry, P.J., Egan Jr., Colangelo and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.