People v Trent (2022 NY Slip Op 04049)

People v Trent

2022 NY Slip Op 04049

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

110840
[*1]The People of the State of New York, Respondent,
v
Devon A. Trent, Appellant.

Calendar Date:May 23, 2022

Before:Egan Jr., J.P., Lynch, Pritzker, Ceresia and Fisher, JJ.

Matthew Tuohy, Huntington, for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Egan Jr., J.P.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered September 24, 2018, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
In March 2018, defendant was charged in a five-count indictment stemming from an altercation that he had with the victim after unlawfully entering a home. In satisfaction of the indictment, defendant pleaded guilty to burglary in the second degree and waived his right to appeal in exchange for an agreed-upon sentence of 4½ years in prison and five years of postrelease supervision, but with the understanding that the sentence could be enhanced to a prison term up to 15 years if he did not comply with certain presentence release conditions. At sentencing, it was discovered that defendant violated certain of these conditions while on presentence release, namely, that he had been arrested for additional crimes, tested positive for marihuana usage and admitted to marihuana possession. Defendant then expressed dissatisfaction with his counsel's representation and moved to withdraw his plea. Following an inquiry in which defendant and his counsel were heard, County Court denied defendant's motion to withdraw his plea and sentenced him to a prison term of nine years followed by five years of postrelease supervision. Defendant appeals.
Initially, we find that defendant's waiver of his right to appeal is valid. During the plea colloquy, defendant was advised that the appeal waiver was a condition of the plea agreement and would encompass "all aspects of the proceeding," including his sentence, except for those appellate rights that cannot be waived. County Court further explained that the rights to be waived were separate and distinct from those automatically forfeited by pleading guilty. Defendant confirmed his understanding of the foregoing and that he had discussed the matter with his counsel, with whose representation he was satisfied. He thereafter executed a detailed written waiver in open court after acknowledging that he had read, understood and reviewed it with counsel. "As defendant's full appreciation of the consequences and understanding of the terms and conditions of the plea, including a waiver of the right to appeal, are apparent on the face of the record," we find that defendant's appeal waiver was knowing, voluntary and intelligent (People v Smith, 157 AD3d 1059, 1060 [2018] [internal quotation marks and citations omitted], lv denied 31 NY3d 987 [2018]; see People v Sanders, 25 NY3d 337, 340 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]).
Defendant next challenges the imposition of the enhanced sentence, but that challenge is solely based upon claims of ineffective assistance that do not in any way impact upon the voluntariness of his unchallenged plea and is therefore precluded by his valid appeal waiver (see People v Golden, 171 AD3d 1357, 1357-1358 [2019]; People v White, 145 AD3d 1324, 1325 [2016]). Defendant's remaining [*2]ineffective assistance claims are likewise precluded by his valid appeal waiver upon the same basis (see People v Greene, 195 AD3d 1317, 1318 [2021]; People v Bouck, 153 AD3d 1522, 1523-1524 [2017], lv denied 30 NY3d 1017 [2017]). Finally, defendant's contention that the enhanced sentence imposed is harsh and excessive is similarly precluded by his valid appeal waiver, as he was advised of the conditions of the plea and the consequences of violating said conditions prior to executing that waiver (see People v Golden, 171 AD3d at 1358; People v Brown, 163 AD3d 1269, 1271 [2018]; People v Turner, 158 AD3d 892, 892-893 [2018]; compare People v Johnson, 14 NY3d 483, 487 [2010]; People v Sanchez, 194 AD3d 1199, 1200-1201 [2021]).
Lynch, Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.