People v Hardie (2022 NY Slip Op 07480)

People v Hardie

2022 NY Slip Op 07480

Decided on December 29, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 29, 2022

110290 112077
[*1]The People of the State of New York, Respondent,
v
Thomas Hardie, Appellant.

Calendar Date:November 21, 2022

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Marlene O. Tuczinski, Chatham, for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.

Fisher, J.
Appeals (1) from a judgment of the County Court of Albany County (William A. Carter, J.), rendered January 12, 2018, convicting defendant upon his plea of guilty of the crime of burglary in the second degree, and (2) by permission, from an order of the Supreme Court (Roger D. McDonough, J.), entered January 17, 2020 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant was charged by indictment with burglary in the first degree, burglary in the second degree, endangering the welfare of a child (two counts) and driving while intoxicated, in connection with an incident where he broke into the victim's residence and attacked her in front of two children.[FN1] Defendant pleaded guilty to the crime of burglary in the second degree in full satisfaction of the charges against him and agreed to waive his right to appeal. County Court sentenced defendant to a prison term of six years to be followed by five years of postrelease supervision. Thereafter, defendant moved to vacate his judgment of conviction contending, among other things, that he had been deprived of the effective assistance of counsel, a motion opposed by the People. Supreme Court denied defendant's motion in a written decision, without a hearing. Defendant appeals from the judgment of conviction and, by permission, the denial of his CPL 440.10 motion.
Initially, as the People concede and our review of the record confirms, defendant's waiver of the right to appeal is invalid (see People v Brewster, 194 AD3d 1266, 1267 [3d Dept 2021], lv denied 37 NY3d 970 [2021]; see also People v Loya, 204 AD3d 1255, 1256 [3d Dept 2022], lv denied 38 NY3d 1072 [2022]; People v Downs, 194 AD3d 1118, 1118-1119 [3d Dept 2021], lv denied 37 NY3d 971 [2021]). Next, defendant claims that the indictment must be dismissed because it was signed by an Assistant District Attorney as opposed to the District Attorney. Although the waiver of the right to appeal is invalid, defendant did not move to dismiss the indictment and this argument is reviewable only if such signature renders the indictment jurisdictionally defective (see People v Morris, 161 AD3d 1219, 1219-1220 [3d Dept 2018], lv denied 33 NY3d 1033 [2019]). However, since an indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime (see People v West, 189 AD3d 1981, 1983 [3d Dept 2020], lv denied 37 NY3d 975 [2021]), and defendant's sole contention is that the District Attorney did not sign the indictment, this contention is unpreserved (see People v Morris, 161 AD3d at 1219-1220; People v Brown, 17 AD3d 869, 870 [3d Dept 2005]).
Defendant also contends that his guilty plea was involuntary, as reflected by his statements made during his plea colloquy that were inconsistent with his guilt. Although the record does not reflect that defendant made an appropriate postallocution motion (see People v Howard[*2], 190 AD3d 1108, 1108 [3d Dept 2021]), the narrow exception to the preservation rule was triggered by defendant's statements that negated an element of burglary in the second degree (see Penal Law § 140.25 [2]; People v Blair, 205 AD3d 1227, 1228 [3d Dept 2022], lv denied 38 NY3d 1132 [2022]). This imposed a duty upon County Court to conduct a further inquiry to ensure that defendant's guilty plea was knowing, intelligent and voluntary (see People v Miller, 162 AD3d 1231, 1232 [3d Dept 2018], lv denied 32 NY3d 939 [2018]). Inasmuch as the court sufficiently completed such inquiry and defendant did not contest or express dissatisfaction with such remedial action, defendant has waived any further challenge to his allocution (see People v Green, 153 AD3d 1518, 1519 [3d Dept 2017]; see also People v Blair, 205 AD3d at 1228). Accordingly, we find defendant's plea was knowing, intelligent and voluntary (see People v Miller, 162 AD3d at 1233; see also People v Lopez, 71 NY2d 662, 666 [1988]).
Further, contrary to defendant's contention, County Court's duty at the plea proceeding to conduct an inquiry did not extend to information extrinsic to the plea allocution such as the notation in the presentence report that defendant intended to withdraw his plea (see People v Scarborough, 205 AD3d 1220, 1221 [3d Dept 2022]; People v Rodriguez, 144 AD3d 498, 499 [1st Dept 2016], lv denied 28 NY3d 1188 [2017]). In addition, "there is likewise no duty on the part of a sentencing court to inquire into such out-of-court statements" — including for notes in a presentence report (People v Sosa, 172 AD3d 432, 433 [1st Dept 2019]; see People v Rodriguez, 206 AD3d 1383, 1384 [3d Dept 2022]; People v Allen, 166 AD3d 1210, 1210-1211 [3d Dept 2018], lv denied 32 NY3d 1201 [2019]).
Turning to defendant's CPL article 440 motion, we reject defendant's contention that he was entitled to a hearing on the issue of whether he was prejudiced by the ineffective assistance of counsel that impacted the voluntariness of his plea (see People v Gillespie, 205 AD3d 1212, 1216 [3d Dept 2022]). "To demonstrate the existence of questions of fact requiring a hearing, a defendant is obliged to show that the nonrecord facts sought to be established are material and would entitle him or her to relief, and a court may deny a vacatur motion without a hearing if it is based on the defendant's self-serving claims that are contradicted by the record or unsupported by any other evidence" (People v Miles, 205 AD3d 1222, 1224 [3d Dept 2022] [internal quotation marks, brackets and citations omitted], lv denied 38 NY3d 1189 [2022]; see CPL 440.30 [4] [d]; People v Betances, 179 AD3d 1225, 1226 [3d Dept 2020], lv denied 35 NY3d 968 [2020]). "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Johnson, 201 AD3d 1208, 1208 [3d Dept 2022][*3][internal quotations, brackets and citations omitted]). The denial of a motion to vacate a judgment of conviction without a hearing will be upheld absent an abuse of discretion (see People v Wright, 27 NY3d 516, 520 [2016]; People v Bellamy, 187 AD3d 1421, 1422 [3d Dept 2020], lv denied 36 NY3d 1049 [2021]).
Here, defendant's allegations against his former counsel are belied by the record and do not otherwise aid in his defense. Specifically, notwithstanding whether defendant did or did not have a key to the victim's apartment,[FN2] the circumstances of his entry by kicking in two locked doors to reach the victim establishes an unlawful entry (see People v Jackson, 151 AD3d 1466, 1468 [3d Dept 2017], lv denied 30 NY3d 950 [2017]). Defendant's argument that former counsel told him to not testify at the grand jury proceeding against his request is nothing beyond a bare assertion (see People v Stuber, 205 AD3d 1147, 1149 [3d Dept 2022], lv denied 38 NY3d 1136 [2022]). To that extent, despite communicating with counsel to obtain the case file, defendant failed to "submit an affidavit from trial counsel or provide any explanation for its absence, nor did defendant tender any other evidence to substantiate his claim" (People v Durham, 195 AD3d 1318, 1321 [3d Dept 2021] [internal quotation marks and citation omitted], lv denied 37 NY3d 1160 [2022]).
Nonetheless, "[f]ailure of defense counsel to facilitate defendant's testimony before the grand jury does not, per se, amount to the denial of effective assistance of counsel" (People v Ronk, 159 AD3d 1129, 1130 [3d Dept 2018] [internal quotation marks and citation omitted], lv denied 31 NY3d 1086 [2018]), and defendant's submissions failed to demonstrate how his testimony would have resulted in a different outcome (see People v Graham, 185 AD3d 1221, 1223-1224 [3d Dept 2020], lv denied 36 NY3d 929 [2020]). Further, considering that counsel negotiated and secured a favorable plea that dismissed four out of five counts of the indictment — including the highest charge — it cannot be said that defendant was denied the effective assistance of counsel (see People v Crispell, 203 AD3d 1393, 1395 [3d Dept 2022]; People v Johnson, 201 AD3d at 1208). Under these circumstances, and upon review of defendant's remaining allegations contained in his CPL article 440 motion, we find that Supreme Court's denial of the motion without a hearing was not an abuse of discretion (see People v Durham, 195 AD3d at 1321; People v Betances, 179 AD3d at 1227). We have examined defendant's remaining contentions and have found them to be lacking merit or rendered academic.
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment and the order are affirmed.

Footnotes

Footnote 1: Defendant had previously been in a relationship with the victim.

Footnote 2: The victim contends that she never provided defendant with a key, a point disputed by defendant.