People v McCall (2023 NY Slip Op 03506)

People v McCall

2023 NY Slip Op 03506

Decided on June 29, 2023 

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 29, 2023 

112178
[*1]The People of the State of New York, Respondent,
v
Willis McCall, Appellant.

Calendar Date:June 6, 2023

Before:Egan Jr., J.P., Aarons, Ceresia, Fisher and McShan, JJ.

Brian M. Callahan, Albany, for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Albany County (William A. Carter, J.), rendered February 15, 2018, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.
Defendant and another individual were charged in a six-count indictment with various crimes stemming from the theft of property from a victim by force. In satisfaction of the charges against him, defendant pleaded guilty to robbery in the first degree and waived his right to appeal. County Court thereafter sentenced defendant, pursuant to the terms of the plea agreement, to a prison term of 11 years, followed by five years of postrelease supervision. Defendant appeals.
We affirm. Initially, defendant's challenge to the factual sufficiency of the plea allocution is unpreserved for our review, as the record does not reflect that he made an appropriate postallocution motion despite having had ample opportunity to do so (see People v McNeil, 210 AD3d 1200, 1201 [3d Dept 2022]; People v Ferretti, 209 AD3d 1173, 1174 [3d Dept 2022]), and the narrow exception to the preservation rule is inapplicable "as County Court did not accept the plea without further inquiry after the allocution . . . cast [some] doubt upon defendant's guilt" of the charged offense (People v Reap, 163 AD3d 1287, 1288 [3d Dept 2018] [internal quotation marks, ellipsis and citations omitted], lv denied 32 NY3d 1128 [2018]; see People v Youngblood, 107 AD3d 1159, 1160 [3d Dept 2013], lv denied 21 NY3d 1078 [2013]). In any event, notwithstanding defendant's initial statement during the plea allocution that neither he nor another participant in the crime possessed a pistol, negating a necessary element of the charged crime (see Penal Law § 160.15 [4]), County Court permitted defendant to consult further with counsel and thereafter questioned defendant again as to the underlying facts of the crime; during that ensuing allocution, defendant ultimately admitted all factual elements of the crime to which he pleaded guilty (see People v Reap, 163 AD3d at 1288; People v Kendall, 91 AD3d 1191, 1193 [3d Dept 2012]). Accordingly, under the circumstances presented, "the court made a sufficient inquiry to establish that the plea was knowingly and voluntarily entered" (People v Greene, 195 AD3d 1317, 1318 [3d Dept 2021]; see People v Green, 153 AD3d 1518, 1519 [3d Dept 2017]; People v Bryant, 128 AD3d 1223, 1224-1225 [3d Dept 2015], lv denied 26 NY3d 926 [2015]). "Having failed to express, in any way, dissatisfaction with the court's remedial action, defendant has waived any further challenge to the allocution" and, thus, failed to preserve his claims in this regard (People v Lopez, 71 NY2d 662, 668 [1988] [citation omitted]; see People v Greene, 195 AD3d at 1318).
Defendant's further claim that his guilty plea was not knowing, voluntary and intelligent based upon County Court's failure to explicitly confirm that he had discussed with counsel the trial-related rights to be forfeited by pleading [*2]guilty (see Boykin v Alabama, 395 US 238, 243 [1969]) is likewise unpreserved for our review (see People v Kimball, 213 AD3d 1028, 1030 [3d Dept 2023]; People v Nichols, 194 AD3d 1114, 1115 [3d Dept 2021], lv denied 37 NY3d 973 [2021]). The record nevertheless reflects that the court repeatedly confirmed that defendant had discussed the plea with counsel and thoroughly advised him of the constitutional rights to be waived by pleading guilty, and he confirmed his understanding thereof (see People v Conceicao, 26 NY3d 375, 379 [2015]; People v Moore, 201 AD3d 1209, 1211 [3d Dept 2022]; People v Toledo, 144 AD3d 1332, 1333 [3d Dept 2016], lv denied 29 NY3d 1001 [2017]).
Egan Jr., J.P., Aarons, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.