People v Dunbar (2023 NY Slip Op 03820)

People v Dunbar

2023 NY Slip Op 03820

Decided on July 13, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 13, 2023

112416 CR-22-1951
[*1]The People of the State of New York, Respondent,
v
Wilbert Dunbar, Appellant.

Calendar Date:May 31, 2023

Before:Garry, P.J., Clark, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Angela Kelley, East Greenbush, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Garry, P.J.
Appeals (1) from a judgment of the Supreme Court (Kathleen B. Hogan, J.), rendered March 21, 2019 in Schenectady County, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the second degree and attempted criminal sale of a controlled substance in the third degree, and (2) by permission, from an order of the County Court of Schenectady County (Mark J. Caruso, J.), entered October 14, 2022, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant was charged in a 15-count indictment with, among other crimes, various weapon and drug offenses. In full satisfaction of that indictment, defendant agreed to plead guilty to one count of criminal possession of a weapon in the second degree and to the reduced charge of attempted criminal sale of a controlled substance in the third degree with the understanding that he would be sentenced to a prison term ranging from 7½ to 10 years (followed by a period of postrelease supervision to be determined by Supreme Court) upon the weapon conviction and to a lesser, concurrent term of imprisonment upon the attempted criminal sale conviction. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and Supreme Court thereafter sentenced defendant to a prison term of eight years followed by three years of postrelease supervision upon defendant's conviction of criminal possession of a weapon in the second degree and to a lesser, concurrent term of imprisonment upon defendant's conviction of attempted criminal sale of a controlled substance in the third degree. Defendant appealed and thereafter moved to vacate the judgment of conviction, contending that his plea was involuntary and that he was denied the effective assistance of counsel. The People opposed the requested relief, and County Court denied the motion without a hearing. Defendant appeals, by permission, from County Court's resulting order.
We affirm. Preliminarily, the People concede — and our review of the record confirms — that defendant did not validly waive his right to appeal. The written waiver executed by defendant contained overbroad and inaccurate language, and Supreme Court's terse oral colloquy was insufficient to either explain the nature and ramifications of the waiver of appeal, overcome the deficiencies in the written waiver or otherwise make clear that some appellate review survived (see People v McLaughlin, 208 AD3d 1556, 1557 [3d Dept 2022], lv denied 39 NY3d 1074 [2023]; People v Nisby, 207 AD3d 876, 876 [3d Dept 2022], lv denied 38 NY3d 1189 [2022]).
Defendant's direct challenge to the voluntariness and/or factual sufficiency of his plea is unpreserved for our review as defendant failed to make an appropriate postallocution motion — despite having the opportunity to do so prior to sentencing (see People v Rubert, 206 AD3d 1378, 1380 [3d Dept 2022], [*2]lv denied 39 NY3d 942 [2022]; People v Ballard, 200 AD3d 1476, 1477 [3d Dept 2021], lv denied 38 NY3d 925 [2022]). Defendant's related claims that Supreme Court failed to properly apprise him of his Boykin rights and provided inconsistent information regarding his sentencing exposure are similarly unpreserved (see People v Kimball, 213 AD3d 1028, 1030 [3d Dept 2023]). The narrow exception to the preservation requirement does not apply as defendant did not make any statements during the plea colloquy that negated an element of the charged crimes, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (see People v DeJesus, 210 AD3d 1195, 1196 [3d Dept 2022], lv denied 39 NY3d 985 [2022]; People v Rubert, 206 AD3d at 1380). Although defendant apparently exhibited some confusion during his interview with the Probation Department, Supreme Court conducted a further inquiry at the time of sentencing, in response to which defendant reaffirmed that he voluntarily pleaded guilty to the charged crimes. In light of defendant's assurances, and absent a motion to withdraw his plea, defendant cannot now be heard to complain (cf. People v Fauntleroy, 206 AD3d 1347, 1347-1348 [3d Dept 2022]).
In any event, defendant's present assertions — that he was not thinking clearly during the plea colloquy, that he suffered from various cognitive issues and that he was provided with confusing or inaccurate information regarding his sentencing exposure and/or the term of postrelease supervision to be imposed — are belied by his sworn plea allocution, wherein he assured Supreme Court that he was alert and understood what was transpiring. Similarly, although there was some initial confusion regarding the range of postrelease supervision that could be imposed, the record reflects that Supreme Court clarified defendant's potential sentencing exposure prior to accepting his guilty plea. Finally, the record makes clear that defendant was fully apprised of his Boykin rights.
As for defendant's claim on direct appeal that he was denied meaningful representation, any challenge to counsel's motion practice or discovery efforts was forfeited by defendant's guilty plea (see People v Rhodes, 203 AD3d 1316, 1318 [3d Dept 2022]; People v Abraham, 165 AD3d 1318, 1320 [3d Dept 2018]). To the extent that defendant's ineffective assistance of counsel claim impacts upon the voluntariness of his plea, such claim is unpreserved for our review and, as noted previously, the exception to the preservation requirement is inapplicable (see People v Devins, 206 AD3d 1365, 1366-1367 [3d Dept 2022]; People v Washington, 206 AD3d 1278, 1280 [3d Dept 2022], lv denied 39 NY3d 942 [2022]). Although the balance of defendant's claim — specifically, that counsel erroneously represented defendant's sentencing exposure and otherwise failed to consult with defendant, provide him with discovery materials and/or advise him of his right to appear before the grand jury — was [*3]properly raised in the context of defendant's CPL 440.10 motion, we cannot say that County Court abused its discretion in denying the motion without a hearing (see e.g. People v Hardie, 211 AD3d 1418, 1420 [3d Dept 2022], lv denied 39 NY3d 1111 [2023]).
"On a motion to vacate a judgment of conviction under CPL 440.10, a hearing is only required if the submissions show that the nonrecord facts sought to be established are material and would entitle the defendant to relief. Furthermore, a court may deny a vacatur motion without a hearing if it is based on the defendant's self-serving claims that are contradicted by the record or unsupported by any other evidence" (People v Quinn, 210 AD3d 1284, 1292 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 39 NY3d 1079 [2023]; see People v Miles, 205 AD3d 1222, 1224 [3d Dept 2022], lv denied 38 NY3d 1189 [2022]). Each of the allegations set forth in defendant's affidavit in support of his motion are either flatly contradicted or otherwise unsupported by the record. For example, defendant's claim that he "was under the influence of multiple prescription medications that caused [him] to not think clearly" during the plea allocution is belied by the transcript, which reflects that defendant advised Supreme Court that he had not taken his medications that morning and, in response to the court's various inquiries, repeatedly assured the court that he was alert, thinking clearly and understood what was transpiring. Similarly, and as noted previously, defendant indeed was informed — prior to pleading guilty — of his sentencing exposure and that his sentence would include a period of postrelease supervision. As County Court aptly observed, to the extent that defendant's affidavit raises direct challenges to the voluntariness of his plea, such claims were or could have been raised upon defendant's direct appeal (see CPL 440.10 [2] [b]; People v Vittengl, 203 AD3d 1390, 1392 [3d Dept 2022]). Finally, to the extent that defendant alleges that counsel neglected to secure defendant's appearance before the grand jury, the "failure of defense counsel to facilitate [a] defendant's testimony before the grand jury does not, per se, amount to the denial of effective assistance of counsel" (People v Hardie, 211 AD3d at 1421 [internal quotation marks, brackets and citations omitted]), and defendant's self-serving claim that counsel advised him that he "would be out in [five] years" finds no support in the record. Accordingly, County Court did not abuse its discretion in denying defendant's motion to vacate without a hearing. Defendant's remaining arguments, including his assertion that the sentence imposed was unduly harsh or severe (see CPL 470.15 [6] [b]), have been examined and found to be lacking in merit.
Clark, Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment and the order are affirmed.