People v DePace (2025 NY Slip Op 01132)

People v DePace

2025 NY Slip Op 01132

Decided on February 27, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 27, 2025

113673
[*1]The People of the State of New York, Respondent,
v
Alan DePace, Appellant.

Calendar Date:January 9, 2025

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Lynch, JJ.

Matthew E. Minniefield, Albany, for appellant.
Emmanuel C. Nneji, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Lynch, J.
Appeal from a judgment of the County Court of Ulster County (Bryan Rounds, J.), rendered June 14, 2022, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
In January 2022, defendant was charged by indictment with criminal sale of a controlled substance in the third degree, three counts of criminal possession of a controlled substance in the third degree and two counts of criminally using drug paraphernalia in the second degree. These charges resulted from defendant selling narcotics, namely fentanyl, in and around the City of Kingston, Ulster County. In satisfaction of the indictment, defendant pleaded guilty to one count of criminal possession of a controlled substance in the third degree and purported to waive his right to appeal. County Court (Rounds, J.) sentenced defendant, as a second felony offender, in accordance with the terms of the plea agreement, to a prison term of four years, to be followed by three years of postrelease supervision. Defendant appeals.
We agree with defendant that his appeal waiver is invalid. Defendant executed a written waiver after conferring with counsel, which indicated that he was waiving his right to appeal, among other things, "all legal issues that can be waived under the law." No explanation is provided as to what issues actually do survive an appeal waiver. The waiver concluded with a statement that it was defendant's "understanding and intention that my plea agreement and sentence will be a complete and final disposition of this case." Cumulatively, such language purports to create an absolute bar to appellate review (see People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Thomas, 34 NY3d 545, 565-566 [2019]; People v Streater, 207 AD3d 952, 953 [3d Dept 2022], lv denied 39 NY3d 942 [2022]). During the plea colloquy, County Court did explain that "there are a number of claims that by law you are not giving up by waiving your right to appeal" but then suggested that defendant confer with counsel "as to what those claims are." While defendant confirmed that he had conferred with counsel and had no questions regarding the appeal waiver, we are left uncertain on this record as to whether he actually understood that some appellate review survived the waiver. Although a close call, we conclude that County Court's brief, generic comment was insufficient to cure the defect in the written waiver (see People v Appiah, 218 AD3d 1060, 1061 [3d Dept 2023], revd on other grounds 41 NY3d 949 [2024]; People v Hall, 225 AD3d 1002, 1002-1003 [3d Dept 2024]).
Given the invalid appeal waiver, defendant's challenge to the factual sufficiency of his guilty plea based on County Court's failure to specify the "actual dates" of the alleged crimes is not precluded (see People v McNeil, 210 AD3d 1200, 1201 [3d Dept 2022]; compare People v Atkins, 222 AD3d 1043, 1043 [3d Dept 2023], lv denied 41 NY3d 982 [2024]). Nevertheless, that claim, as well as [*2]his challenge to the voluntariness of the plea, are "unpreserved for our review as defendant failed to make an appropriate postallocution motion — despite having the opportunity to do so prior to sentencing" (People v Dunbar, 218 AD3d 931, 932 [3d Dept 2023], lv denied 40 NY3d 950 [2023]; see People v McCall, 217 AD3d 1266, 1266-1267 [3d Dept 2023], lv denied 40 NY3d 998 [2023]), and "[t]he narrow exception to the preservation rule is inapplicable as it applies only where a recitation of facts casts significant doubt on a defendant's guilt and not, as here, where the sufficiency of the articulation of the element is challenged" (People v McNeil, 210 AD3d at 1201 [internal quotation marks and citations omitted]; see People v Velazquez, 194 AD3d 1181, 1183 [3d Dept 2021], lv denied 37 NY3d 995 [2021]). To that end, the specific date on which the crime occurred is not an element of criminal possession of a controlled substance in the third degree (see Penal Law § 220.16 [1]; CPL 200.50 [6]; see generally People v Velazquez, 194 AD3d at 1183). Even so, "[h]aving proceeded to enter a guilty plea to this . . . count [of the indictment] without objection, aware of the potential [date] discrepancy, defendant waived any challenge to the non-elemental factual allegations" of the plea allocution (People v Brabant, 229 AD3d 892, 895 [3d Dept 2024]).
Defendant further argues that we should vacate his guilty plea in the interest of justice because County Court had a purported conflict of interest. We are mindful that, by decision and order entered in August 2023, County Court (Farrell, J.) denied defendant's CPL 440.10 motion seeking to vacate the judgment of conviction on conflict of interest grounds. Since defendant did not seek leave to appeal that determination, the conflict issue is not properly before us on this direct appeal (see CPL 450.15 [1]; People v Nunnally, 224 AD3d 992, 994 [3d Dept 2024], lv denied 41 NY3d 1004 [2024]). Defendant's remaining contentions, to the extent not addressed herein, have been considered and found to lack merit.
Garry, P.J., Egan Jr., Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.