11-2922-cr
*United States v. Russell*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of November, two thousand twelve.

PRESENT:

> JOHN M. WALKER, JR.,
> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,
>
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee*,

-v.- No. 11-2922-cr

RICHARD P. RUSSELL, JR.,

*Defendant-Appellant*.

_____

> BRENDA K. SANNES (Lisa M. Fletcher, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, N.Y., *for Appellee*.
>
> NICHOLAS J. PINTO, New York, N.Y., *for Defendant-Appellant*.

1

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Richard P. Russell, Jr. ("Russell") appeals from a July 8, 2011 judgment of conviction in the United States District Court for the Northern District of New York (Mordue, *J.*) of three counts of producing child pornography in violation of 18 U.S.C. § 2251(a). On appeal, Russell argues that: (1) his written statement to the police was taken in violation of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), because the interrogating officers ignored his requests for an attorney; (2) his arrest in his own home was unlawful, and his written statement should have been suppressed as the fruit of that arrest; (3) the Town Justice who issued the search warrant for his and his father's homes lacked a substantial basis for doing so; (4) the warrant to search his and his father's homes was not sufficiently particular; and (5) he was entitled to a hearing in connection with his suppression motion pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). We assume the parties' familiarity with the underlying facts and procedural history of this case.

"When reviewing a district court's decision in the government's favor on a motion to suppress, this Court examines the record in the light most favorable to the government." *United States v. Moore*, 670 F.3d 222, 226 (2d Cir. 2012) (quoting *United States v. Rommy*, 506 F.3d 108, 131 (2d Cir. 2007)) (internal quotation marks and brackets omitted). We review the district court's factual findings for clear error. *Id.*

Russell first argues that the police ignored his requests for a lawyer during interrogation, thus violating his *Miranda* rights. *See Edwards v. Arizona*, 451 U.S. 477, 484–85 (1981). The District Court, however, did not find Russell's testimony about requesting a lawyer to be credible. We find

2

no clear error in that credibility determination. Russell also alleges that the police "created an additional obstruction" to his obtaining a lawyer by keeping his girlfriend and father from contacting him once he arrived at the police station. To the extent Russell is claiming these actions destroyed the voluntariness of his waiver of *Miranda* rights, however, this argument is foreclosed by *Moran v. Burbine*, 475 U.S. 412 (1986). We therefore see no basis on which to disturb the District Court's conclusion that the police did not violate Russell's *Miranda* rights.

Russell next argues that his written statement to the police should have been suppressed because his arrest inside his own home violated *Payton v. New York*, 445 U.S. 573 (1980). The police, however, entered Russell's home pursuant to a lawful search warrant, and probable cause supported Russell's arrest. No violation of *Payton* therefore occurred. *See, e.g.*, *Russell v. Harms*, 397 F.3d 458, 466 (7th Cir. 2005) (*Payton* permits police, when lawfully in defendant's residence, to arrest defendant based on probable cause). Moreover, even if a violation of *Payton* had occurred, it would not require suppression of Russell's post-arrest statements made outside his home. *See New York v. Harris*, 495 U.S. 14, 21 (1990); *Mosby v. Senkowski*, 470 F.3d 515, 521 (2d Cir. 2006).

Third, Russell contends that the evidence recovered from his and his father's houses should have been suppressed because the Town Justice who issued the search warrant for those places lacked a substantial basis for concluding that evidence would be found there. *See Illinois v. Gates*, 462 U.S. 213, 239 (1983) (noting that in reviewing a magistrate's decision to issue a warrant, court must determine if magistrate had substantial basis to find probable cause). This argument is likewise without merit. The affidavit supporting the application for the search warrant contained the statements of two children, both of whom offered that Russell requested that they provide him with pornographic photographs of themselves, and one of whom admitted that he had done so. Given,

3

*inter alia*, that Russell's encounters with these children took place in Russell's former home, that one child stated he had made such photographs in Russell's former home, that according to both children Russell thereafter uploaded the images to his computer, and that after Russell moved to a new residence at least one of the children continued to visit him there, the Town Justice had a substantial basis for concluding that evidence of Russell's offenses would be found in his house. As to the search of the home of Russell's father, Russell lacks standing to challenge this search, as he did not establish a personal expectation of privacy there in the proceedings before the district court. *See Minnesota v. Carter*, 525 U.S. 83, 88 (1998); *United States v. Haqq*, 278 F.3d 44, 47 (2d Cir. 2002).

Fourth, Russell argues that the search warrant was not sufficiently particular because it permitted the police to seize any computer or camera equipment in his possession. Russell did not make this argument below, and it is thus waived. *See United States v. Klump*, 536 F.3d 113, 120 (2d Cir. 2008). Even if this were not the case, the argument fails on the merits. *See United States v. Hay*, 231 F.3d 630, 636–38 (9th Cir. 2000) (warrant authorizing seizure of all computer and camera equipment belonging to defendant suspected of possessing child pornography is sufficiently particular); *United States v. Upham*, 168 F.3d 532, 534–36 (1st Cir. 1999) (same).

Finally, Russell argues that he is entitled to a *Franks* hearing because of false statements included in the affidavit supporting the application for the search warrant. *See Franks*, 438 U.S. at 156. Specifically, the affidavit misidentified Russell as "Richard *F.* Russell, Jr.," and incorrectly stated that Russell had been convicted of aggravated harassment and false reporting in 1994. The district court did not clearly err in finding that the challenged facts were neither knowingly nor recklessly included in the search warrant affidavit, nor material to the finding of probable cause to

4

search Russell's and his father's homes. We thus agree with the district court that Russell was not entitled to a *Franks* hearing.

We have reviewed Russell's remaining arguments and find them to be without merit. For the foregoing reasons, Russell's conviction is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk