People v Arlt (2023 NY Slip Op 04161)

People v Arlt

2023 NY Slip Op 04161

Decided on August 3, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 3, 2023

112088
[*1]The People of the State of New York, Respondent,
v
Ulrich Arlt, Appellant.

Calendar Date:June 8, 2023

Before:Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and McShan, JJ.

Alexander W. Bloomstein, Hillsdale, for appellant, and appellant pro se.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Ulster County (Donald A. Williams, J.), rendered May 24, 2019, convicting defendant upon his plea of guilty of the crime of course of sexual conduct against a child in the second degree.
Defendant pleaded guilty to a single-count indictment charging him with course of sexual conduct against a child in the second degree and purportedly waived his right to appeal. In exchange, the People agreed not to present to the grand jury — which had been extended to consider additional charges — more serious charges, including class A-II and B violent felonies. At the next court appearance, defendant appeared with new retained counsel and sentencing was adjourned in order for counsel to obtain the arraignment and plea transcripts to determine whether any potential motions would be filed. Thereafter, defendant filed a motion to withdraw his plea, asserting that he was innocent, misinformed about the evidence required to convict him, was not afforded an opportunity to review discovery in order to understand the plea agreement and only acknowledged his satisfaction with counsel because he believed he had no choice but to plead guilty. After a lengthy — and at times contentious — inquiry, County Court denied the motion. Thereafter, the court, consistent with the terms of the plea agreement, sentenced defendant to a prison term of seven years, followed by 10 years of postrelease supervision. The court also issued an order of protection in favor of, among others, the victim and defendant's two children. Defendant appeals.
Initially, we agree with defendant that his waiver of the right to appeal is invalid given the overly broad language used both by County Court and in the written appeal waiver regarding the scope of the appellate rights being relinquished (see People v Winter, 215 AD3d 1010, 1011-1012 [3d Dept 2023]; People v Blauvelt, 211 AD3d 1175, 1175 [3d Dept 2022]; People v Ripley, 210 AD3d 1198, 1200 [3d Dept 2022], lv denied 39 NY3d 1074 [2023]). As such, defendant's challenge to the severity of the sentence imposed is not precluded. Nonetheless, considering the heinous nature of the crime and advantageous plea, we are unpersuaded that the sentence is harsh or severe (see CPL 470.15 [6] [b]).
Next, we are unpersuaded by defendant's contention that County Court erred in denying his motion to withdraw the plea. In support of his motion to withdraw his plea, defendant asserted that he was innocent but pleaded guilty because he was misinformed that he could be convicted solely on the hearsay accusation of the victim and that he had no other choice but to plead guilty because his attorney told him he would otherwise go to prison for the rest of his life. Defendant further claimed that he was not afforded the opportunity to review any discovery in order to fully understand the plea offer and consequences of rejecting it. Upon inquiry by County Court, defendant also claimed that he was unaware that an order of protection [*2]could be used against him in Family Court proceedings.
As noted by County Court, the plea colloquy belied defendant's contentions. During the plea proceedings, the court thoroughly and repeatedly explained to defendant the terms and nature of the plea agreement, the rights he would forfeit by pleading guilty, the requirement that he register as a sex offender, as well as the potential positive and negative ramifications, including being charged with higher felonies, were he to reject the plea offer — all of which defendant assured the court he understood. The record further reflects that defendant acknowledged that he had sufficient time to speak with counsel, was satisfied with counsel's representation, was not being forced or coerced into pleading guilty and had no questions about the plea, sentence or consequences of pleading guilty. Under the circumstances, the general assertions and unsupported claim of innocence forming the basis of defendant's motion to withdraw did not undermine the voluntariness of the plea (see People v Washburn, 192 AD3d 1267, 1268-1269 [3d Dept 2021], lv denied 37 NY3d 961 [2021]; People v Diggs, 178 AD3d 1203, 1205 [3d Dept 2019], lv denied 34 NY3d 1158 [2020]).Further, as there was no evidence of innocence, fraud or mistake in the plea's inducement, County Court did not abuse its discretion in denying defendant's motion to withdraw his plea (see People v Diggs, 178 AD3d at 1205; People v Ozuna, 177 AD3d 1040, 1041 [3d Dept 2019], lv denied 35 NY3d 972 [2020]).
To the extent that defendant asserts that counsel took a position adverse to his interests with respect to his motion to withdraw his guilty plea, we disagree. In response to County Court's inquiry, counsel conceded that the plea colloquy was thorough and stated that there was no argument that would guarantee the withdrawal of the plea to that extent. Counsel made no further remarks. As defendant's motion was not premised on the adequacy of the plea colloquy, we are unpersuaded that counsel's statement affirmatively undermined defendant's arguments or otherwise was adverse to the position taken by defendant in his motion to withdraw his plea (see People v Thaxton, 191 AD3d 1166, 1168 [3d Dept 2021], lv denied 37 NY3d 960 [2021]; People v Leeper, 298 AD2d 190, 190-191 [1st Dept 2002], lv denied 99 NY2d 560 [2002]; compare People v Maldonado, 183 AD3d 1129, 1129-1130 [3d Dept 2020]).
Defendant also contends that his plea was involuntary because of the coercive and threatening atmosphere created by County Court's repeated reference to the higher crimes that the People chose not to — but still could — present to the grand jury. This claim, however, was not advanced in his motion to withdraw his plea and, therefore, is unpreserved (see People v Morgan, 114 AD3d 995, 996 [3d Dept 2014], lv denied 23 NY3d 1040 [2014]). In any event, we would find that the pressure defendant felt upon being informed of his options and potential exposure of being indicted on additional[*3], more serious felonies "amounts to no more than the type of situational coercion faced by many defendants who are offered a plea deal" (People v Agueda, 202 AD3d 1153, 1155 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 1031 [2022]) and that he made a "choice among alternative courses of action" which did not render his plea involuntary (People v Conceicao, 26 NY3d 375, 384 [2015]).
To the extent that defendant claims that the plea was involuntary because the 15-year order of protection in favor of his children was not part of the plea agreement, such challenge is similarly unpreserved as he did not object at sentencing nor did he make an appropriate postallocution motion on this basis (see People v Campbell, 155 AD3d 1250, 1251 [3d Dept 2017], lv denied 30 NY3d 1114 [2018]). Regardless, "given that orders of protection are not punitive in nature and are not necessarily dependent on, or the result of, a plea agreement, County Court's issuance of an order of protection at sentencing does not render defendant's guilty plea invalid" (id. at 1251-1252 [internal quotation marks, brackets and citations omitted]; see People v Nieves, 2 NY3d 310, 316 [2004]; People v Hull, 52 AD3d 962, 963 [3d Dept 2008]).[FN1]
Defendant's contention that he did not receive the effective assistance of counsel because counsel did not, among other things, raise certain objections or pursue various motions during the proceedings or otherwise zealously advocate for him has not been preserved for our review as defendant did not raise these issues before County Court or move to withdraw his plea on these grounds (see People v Green, 153 AD3d 1518, 1518 [3d Dept 2017]; People v Driscoll, 147 AD3d 1157, 1158 [3d Dept 2017], lv denied 29 NY3d 1078 [2017]). In any event, were we to consider defendant's ineffective assistance of counsel claim, we would find it to be without merit. A review of the record establishes that defendant received a favorable plea agreement, which reduced his exposure to potentially more serious crimes and a lengthier sentence, and nothing on the face of the record reflects anything other than meaningful representation throughout the proceedings (see People v Fish, 208 AD3d 1546, 1549 [3d Dept 2022]; People v Johnson, 201 AD3d 1208, 1208-1209 [3d Dept 2022]; People v Green, 153 AD3d at 1519).
Finally, there is no merit to defendant's contention that County Court lacked geographic jurisdiction. Although not waived by his guilty plea, the indictment, to which defendant pleaded guilty, sufficiently set forth the location of defendant's criminal conduct to be within Ulster County (see CPL 20.40 [1] [a]; People v McNeil, 210 AD3d 1200, 1202 [3d Dept 2022]). Defendant's remaining contentions, including his pro se submission, have been reviewed and found to be without merit.
Garry, P.J., Egan Jr., Pritzker and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Moreover, County Court stated that the order "is subject to any subsequent change by a family court since family court is in a better position to determine" the parameters to best protect those children. Defendant provides no information as to whether any changes have been made — or any request that a change be made — by Family Court.