People v Nunnally (2024 NY Slip Op 00651)

People v Nunnally

2024 NY Slip Op 00651

Decided on February 8, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 8, 2024

112435 113538
[*1]The People of the State of New York, Respondent,
v
Jeffrey Nunnally, Appellant.

Calendar Date:January 19, 2024

Before:Egan Jr., J.P., Clark, Pritzker, Fisher and Powers, JJ.

Erin C. Morigerato, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Fisher, J.
Appeals (1) from a judgment of the Supreme Court (Kathleen B. Hogan, J.), rendered January 30, 2020 in Schenectady County, convicting defendant upon his plea of guilty of the crime of robbery in the second degree, and (2) from a judgment of said court, rendered January 30, 2020 in Schenectady County, which revoked defendant's probation and imposed a sentence of imprisonment.
In 2018, defendant was convicted of attempted burglary in the second degree and sentenced to a five-year term of probation. Thereafter, in 2019, a violation of probation petition was filed against him and he was charged by indictment with robbery in the second degree. Following jury selection, defendant pleaded guilty to the indictment and purported to waive his right to appeal. In conjunction therewith, defendant entered an admission to a violation of probation, without a hearing. Prior to sentencing, defendant moved to withdraw the plea and admission on the basis that the guilty plea was the result of coercion, was entered under duress and he was innocent of the violation of probation. Supreme Court denied the motion and subsequently sentenced him pursuant to the terms of the negotiated plea agreement. In accordance therewith, defendant was sentenced, as a second violent felony offender, to a prison term of seven years to be followed by five years of postrelease supervision for his conviction of robbery in the second degree. In addition, Supreme Court revoked defendant's probation and resentenced him to a prison term of five years to be followed by 1½ years of postrelease supervision for his prior conviction of attempted burglary in the second degree, to be served concurrently with the sentence imposed pursuant to his guilty plea. Defendant appeals.
Initially, as the People concede, the waiver of the right to appeal is invalid. "The written waiver executed by defendant contained overbroad and inaccurate language, and [Supreme] Court's oral explanation of the waiver did not overcome these defects by ensuring that defendant understood that some appellate and collateral review survived" (People v Thompson, 216 AD3d 1370, 1370-1371 [3d Dept 2023] [internal quotation marks and citations omitted]). As such, defendant's challenge to the severity of the imposed sentence is not precluded. In any event, considering defendant's criminal history and that the greater of the concurrent terms imposed is the statutory minimum for a second violent felony offender, we are unpersuaded that the sentence is either unduly harsh or severe (see CPL 470.15 [6] [b]; People v Arlt, 219 AD3d 986, 987 [3d Dept 2023], lv denied 40 NY3d 996 [2023]; People v Atutis, 214 AD3d 1264, 1265 [3d Dept 2023]).
As defendant's motion to withdraw his plea asserted only that the plea was entered under duress and was the result of coercion, his challenge to the voluntariness of his plea is preserved only to this extent (see People v Burnell, 183 AD3d 931, 933 [3d Dept 2020], lv denied 35 NY3d 1043 [2020]; People v Blanford[*2], 179 AD3d 1388, 1391 [3d Dept 2020], lv denied 35 NY3d 968 [2020]). Consequently, Supreme Court's statements regarding defendant's sentencing exposure are not indicative of bias or coercion (see People v Graham, 214 AD3d 1256, 1257 [3d Dept 2023], lv denied 40 NY3d 934 [2023]; People v Dye, 210 AD3d 1192, 1193 [3d Dept 2022], lv denied 39 NY3d 1072 [2023]). Rather, these statements, as well as the pressures defendant may have felt from his family, "amount[ ] to no more than the type of situational coercion faced by many defendants who are offered a plea deal" (People v Arlt, 219 AD3d at 989 [internal quotation marks and citations omitted]; see People v Walker, 173 AD3d 1561, 1562 [3d Dept 2019]). Nevertheless, to the extent defendant requests that we take corrective action in the interest of justice, we decline such invitation inasmuch as the record reflects that he made a knowing, voluntary and intelligent choice to plead guilty (see People v Stevens, 217 AD3d 1280, 1280 [3d Dept 2023], lv denied 40 NY3d 952 [2023]; People v Hardie, 211 AD3d 1418, 1419-1420 [3d Dept 2022], lv denied 39 NY3d 1111 [2023]). "Accordingly, as defendant unequivocally pleaded guilty and admitted the factual allegations of the crime [and violation of probation], and because his litany of claims of coercion . . . [and] innocence . . . are unsupported or contradicted by the record, [Supreme] Court did not abuse its discretion in denying his motion to withdraw his plea" (People v Atutis, 214 AD3d at 1266 [internal quotation marks, brackets and citations omitted]; see People v Nisby, 207 AD3d 876, 878 [3d Dept 2022], lv denied 38 NY3d 1189 [2022]; People v Rodriguez, 206 AD3d 1383, 1385 [3d Dept 2022]).
Defendant's contention that he received ineffective assistance of counsel, to the extent that it impacts the voluntariness of his plea, is similarly unpreserved as this did not form a basis for defendant's motion to withdraw his plea (see People v Arlt, 219 AD3d at 988). Defendant's further contentions that counsel failed to, among other things, investigate his case or advise him of the implications of the plea and probation admission, pertain to matters outside of the record and are more properly the subject of a CPL article 440 motion (see People v Faublas, 216 AD3d 1358, 1359 [3d Dept 2023], lv denied 40 NY3d 934 [2023]; People v Loya, 215 AD3d 1181, 1183 [3d Dept 2023], lv denied 40 NY3d 929 [2023]).[FN1] Despite stating that defendant wished to withdraw his plea against the advice of counsel, our review of the record reveals that counsel did not take an adverse position to defendant's interests, as counsel affirmed that he would continue to zealously represent defendant and then did so by filing and supporting the motion to withdraw defendant's plea (see People v Jones, 213 AD3d 1034, 1035 [3d Dept 2023]; People v Salahuddin, 211 AD3d 1323, 1326 [3d Dept 2022], lv denied 39 NY3d 1113 [2023]; People v Hatcher, 211 AD3d 1236, 1241 [3d Dept 2022], lv denied 39 NY3d 1078 [2023[*3]]). Our review further reveals that defendant had been afforded meaningful representation as he "receive[d] an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Hardie, 211 AD3d at 1420 [internal quotation marks and citations omitted]). Defendant's remaining arguments, to the extent not specifically addressed, have been reviewed and found to be lacking in merit.
Egan Jr., J.P., Clark, Pritzker and Powers, JJ., concur.
ordered that the judgments are affirmed.

Footnotes

Footnote 1: Although defendant did advance such a motion pro se, his motion to appeal the denial of that motion was denied (see 2022 NY Slip Op 72929[U] [3d Dept 2022]).