People v Drake (2024 NY Slip Op 01126)

People v Drake

2024 NY Slip Op 01126

Decided on February 29, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 29, 2024

109578 113431
[*1]The People of the State of New York, Respondent,
v
Cornelius Drake, Appellant.

Calendar Date:January 18, 2024

Before:Egan Jr., J.P., Clark, Lynch, McShan and Mackey, JJ.

Cornelius Drake, Woodbourne, appellant pro se.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

McShan, J.
Appeals (1) from a judgment of the County Court of Schenectady County (Matthew J. Sypniewski, J.), rendered April 7, 2017, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree, (2) by permission, from an order of said court (Mark J. Caruso, J.), entered April 13, 2022, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing, and (3) from an order of said court, entered November 9, 2022, which partially denied defendant's motion to, among other things, reconstruct the record.
In February 2016, police officers obtained a warrant to search defendant's residence in the City of Schenectady. The warrant authorized police to search for drugs, money from the sale of drugs and firearms, and was supported by the affidavits of multiple police officers, who averred that they observed defendant walk to and from the residence before and after selling crack cocaine to an undercover officer. During the search, police located, among other things, a safe containing a loaded handgun.
Defendant was thereafter charged in a 14-count indictment with various weapons and drug-related offenses. Defendant engaged in motion practice through his attorneys, including requesting a Huntley hearing. On multiple occasions, defendant expressed that he was considering proceeding in a self-represented capacity.[FN1] On the day of the scheduled Huntley hearing, defendant waived the hearing and pleaded guilty to count 14 of the indictment — criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) — in satisfaction of the indictment. Prior to sentencing, defendant made a pro se motion to withdraw his plea based upon his assertion that his counsel was ineffective and coerced him into entering the plea. County Court (Sypniewski, J.) denied the motion and, in accordance with the terms of the plea agreement, sentenced defendant, as a second felony offender, to a prison term of 10 years to be followed by five years of postrelease supervision.
Defendant, again in a self-represented capacity, moved to vacate his conviction pursuant to CPL 440.10, arguing that he was denied the effective assistance of counsel because his attorneys were in possession of evidence that the search warrant was improper but refused to investigate such evidence and withheld it from County Court, thereby rendering his plea involuntary. County Court (Caruso, J.) denied defendant's motion without a hearing, finding that defendant's claims were based solely on his own conclusory affidavits and, in any event, were meritless. Defendant thereafter moved to reconstruct the record on appeal, claiming that the DVD exhibits that he submitted in support of his CPL 440.10 motion should be included in the record. County Court granted the motion in part, ordering that all materials submitted in support of the CPL 440.10 motion be included in the record on appeal. Defendant now appeals from the judgment [*2]of conviction, the denial of his CPL 440.10 motion, by permission, and the order pertaining to his request for a reconstruction hearing.
Initially, we note that as a condition of his plea, defendant purported to waive his right to appeal both orally and in writing. However, the People concede that the waiver of the right to appeal is invalid and do not seek to enforce it against his plea-related claims on appeal (see People v Tucker, 222 AD3d 1038, 1039 [3d Dept 2023]; People v Booth, 221 AD3d 1283, 1284 [3d Dept 2023]; People v Faublas, 216 AD3d 1358, 1358 [3d Dept 2023], lv denied 40 NY3d 934 [2023]). Further, we find that defendant's challenge to the validity of his plea is preserved by virtue of his request to withdraw his plea prior to sentencing. Although defendant was represented by counsel at the time, a condition that would normally foreclose his right to make such a motion (see People v Rodriguez, 95 NY2d 497, 501 [2000]; People v Carroll, 172 AD3d 1821, 1822 [3d Dept 2019], lv denied 34 NY3d 929 [2019]), County Court (Sypniewski, J.) exercised its discretion and expressly considered and decided the request, thus rendering his challenge preserved (see CPL 470.05 [2]; People v Watts, 215 AD3d 1170, 1174 [3d Dept 2023]; People v Session, 206 AD3d 1678, 1679 [4th Dept 2022]).
Nevertheless, we find no merit to defendant's challenge to the voluntariness of his plea. The record reflects that County Court went through a lengthy colloquy prior to defendant's plea allocution, advising defendant of the terms and conditions of his plea, including the surrender of his right to pursue the previously-waived Huntley hearing as well as his various trial-related rights, and further confirming that defendant had sufficient time to discuss the consequences of his plea with counsel (see People v Atkins, 222 AD3d 1043, 1044 [3d Dept 2023]; People v Howard, 190 AD3d 1108, 1109 [3d Dept 2021]; People v Burnell, 183 AD3d 931, 932-933 [3d Dept 2020], lv denied 35 NY3d 1043[2020]).[FN2] Altogether, upon our review of the record, we are satisfied that defendant's guilty plea was a "knowing, voluntary and intelligent choice among alternative courses of action" (People v Atutis, 214 AD3d 1264, 1266 [3d Dept 2023] [internal quotation marks and citation omitted]; see People v Arlt, 219 AD3d 986, 989 [3d Dept 2023], lv denied 40 NY3d 996 [2023]; People v Graham, 214 AD3d 1256, 1257 [3d Dept 2023], lv denied 40 NY3d 934 [2023]; People v LaPierre, 195 AD3d 1301, 1303-1304 [3d Dept 2021]).[FN3] Defendant's related contention that his counsel coerced him by providing "help" during the colloquy lacks merit, as the court provided several opportunities for defendant to confer with counsel during the proceeding and defendant made no statement that suggested any hesitancy in entering the plea or otherwise undermined the voluntariness of his decision to do so (see People v Taylor, 212 AD3d 891, 894 [3d Dept 2023], lv denied 39 NY3d 1114 [2023]; compare People v James, 215 AD3d 1176, [*3]1177 [3d Dept 2023], lv denied 40 NY3d 935 [2023]).
Turning to defendant's claims of ineffective assistance of counsel, defendant raises numerous arguments premised on his assertion that both his original as well as the later-appointed counsel who represented him throughout the various proceedings prior to sentencing, among other things, failed to adequately investigate and raise appropriate challenges to the validity of the search warrant and the manner in which he was arrested. Inasmuch as defendant's claim contains both record-based and nonrecord-based allegations, "they [should] be addressed together in their entirety in the context of defendant's appeal from the denial of his CPL 440.10 motion" (People v White-Span, 182 AD3d 909, 914 [3d Dept 2020], lv denied 35 NY3d 1071 [2020]; see People v Gonyea, 211 AD3d 1102, 1104 [3d Dept 2022], lv denied 39 NY3d 1110 [2023]). In assessing the merits of his claim, we note that "[i]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Agueda, 202 AD3d 1153, 1156 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 1031 [2022]).
The record reflects that each of defendant's counsel had myriad conversations with defendant concerning his insistence on challenging certain claims pertaining to, among other things, the sufficiency of evidence supporting the search warrant and probable cause for his arrest. Accordingly, defendant's argument amounts to little more than a strategic disagreement with counsel rather than a valid argument as to ineffectiveness (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Lewis, 138 AD3d 1346, 1349 [3d Dept 2016], lv denied 28 NY3d 1073 [2016]). Defendant's contentions aimed at the purported failures of counsel to adequately investigate the merits of his arguments are supported by nothing beyond his own unsworn conclusory claims (see People v Johnson, 221 AD3d 1172, 1176 [3d Dept 2023]; People v Vittengl, 203 AD3d 1390, 1393 [3d Dept 2022]). In any event, defendant's contentions directed at the legality of the search warrant and his arrest are without merit (see People v Lee, 205 AD2d 708, 709 [2d Dept 1994], lv denied 84 NY2d 828 [1994]; People v Battista, 197 AD2d 486, 487 [1st Dept 1993], lv denied 82 NY2d 891 [1993]; People v Tondryk, 176 AD2d 1194, 1194 [4th Dept 1991], lv denied 79 NY2d 833 [1991]; see also United States v Russell, 501 Fed Appx 67, 69 [2d Cir 2012], cert denied 569 US 988 [2013]; United States v Pecoraro, 568 F Supp 3d 169, 185 [ND NY 2021]) and, to this point, counsel was not required to pursue a motion that had little to no chance of success (see People v Wilkins, 216 AD3d 1359, 1364 [3d Dept 2023], lv denied 40 NY3d 1000 [2023]; People v Johnson, 201 AD3d 1208, 1209 [3d Dept 2022]). Ultimately, counsel secured a favorable plea that avoided defendant's [*4]exposure to a more lengthy prison sentence (see People v Arlt, 219 AD3d at 989; People v Fish, 208 AD3d 1546, 1549 [3d Dept 2022]) and the record otherwise contains no evidence that defendant was denied meaningful representation. Furthermore, having reviewed defendant's submissions in support of his CPL 440.10 motion, we find no abuse of discretion in County Court's (Caruso, J.) denial of the motion without a hearing (see CPL 440.30 [4] [d]; People v Spradlin, 188 AD3d 1454, 1460 [3d Dept 2020], lv denied 37 NY3d 960 [2021]; see also People v James, 215 AD3d at 1178). To the extent that defendant suggests that he would not have pleaded guilty but for counsel's purported errors, our determination as to the sufficiency of counsel's representation renders his argument without merit (see People v Mangarillo, 152 AD3d 1061, 1066 [3d Dept 2017]).
Finally, we find no merit to defendant's contentions directed at County Court's order deciding his motion to reconstruct the record on appeal. The court granted defendant the relief he sought on his motion by ordering that all evidence considered as part of his CPL 440.10 motion, including specific references to video evidence, be sent to this Court, and we have considered that evidence as part of our review of defendant's appeal. Defendant has otherwise failed to identify any improperly precluded document or any other deficiency in the record that warranted a hearing (see generally People v Bethune, 29 NY3d 539, 541-542 [2017]; People v Maisonette, 192 AD3d 1325, 1326 [3d Dept 2021], lv denied 37 NY3d 966 [2021]). Defendant's remaining contentions that are not expressly addressed herein have been considered and found unavailing.
Egan Jr., J.P., Clark, Lynch and Mackey, JJ., concur.
ORDERED that the judgment and the orders are affirmed.

Footnotes

Footnote 1: Over the course of this criminal action, defendant was represented by four attorneys: a private attorney who withdrew due to an irretrievable breakdown in his relationship with defendant, a public defender, who was conflicted out of representing defendant at trial, a conflict defender during the plea proceeding and an attorney assigned to defendant under County Law article 18-B after defendant's relationship with the conflict defender broke down before the sentencing hearing.

Footnote 2: Defendant's contention that the police lacked probable cause to arrest him was forfeited by his guilty plea that he entered into after he had waived his right to his pending Huntley hearing, forgoing a determination on that motion (see People v Persaud, 219 AD3d 983, 986 [3d Dept 2023], lv denied 40 NY3d 998 [2023]; People v Burks, 179 AD3d 1387, 1388 [3d Dept 2020]; People v Williams, 6 AD3d 746, 747 [3d Dept 2004], lv denied3 NY3d 650 [2004]).

Footnote 3: Defendant's assertion of a jurisdictional defect based upon the location that the firearm was discovered "is directed to the evidentiary sufficiency of the indictment and, therefore, was forfeited by the guilty plea" (People v Kelly, 221 AD3d 1265, 1266 [3d Dept 2023]; see People v Turner, 202 AD3d 1375, 1377 [3d Dept 2022], lv denied 38 NY3d 1036 [2022]), as was his challenge to the sufficiency of the evidence before the grand jury (see People v Torres, 199 AD3d 1076, 1077 [3d Dept 2021], lv denied 37 NY3d 1165 [2022]; People v Blanford, 179 AD3d 1388, 1392 [3d Dept 2020], lv denied 35 NY3d 968 [2020]).