People v Lane (2024 NY Slip Op 06252)

People v Lane

2024 NY Slip Op 06252

Decided on December 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 12, 2024

CR-24-0357
[*1]The People of the State of New York, Respondent,
v
Timothy Lane, Appellant.

Calendar Date:November 13, 2024

Before:Aarons, J.P., Pritzker, Ceresia, McShan and Mackey, JJ.

Hug Law PLLC, Albany (Matthew C. Hug of counsel), for appellant.
P. David Soares, District Attorney, Albany (Erin N. LaValley of counsel), for respondent.

McShan, J.
Appeal from a judgment of the Supreme Court (Roger D. McDonough, J.), rendered April 28, 2023 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
In satisfaction of a six-count indictment, defendant pleaded guilty to criminal possession of a weapon in the second degree and agreed to waive his right to appeal. As part of the plea agreement, defendant was promised a sentence of six years in prison, to be followed by three years of postrelease supervision. When initially released on bail, defendant had executed a Parker warning. Before continuing defendant on release following his guilty plea, Supreme Court admonished defendant that it would not be bound by the sentencing commitment if he, among other things, were to be arrested prior to sentencing or failed to appear at sentencing. While released pending sentencing, defendant was arrested for criminal possession of a controlled substance in the seventh degree and driving while ability impaired. Defendant also did not appear for sentencing.
Upon defendant's return to court on a bench warrant approximately six months later, he moved to withdraw his plea. Supreme Court denied the motion to withdraw the plea without a hearing, found that defendant violated the terms of the plea and, as it was no longer bound by the terms of the plea agreement, imposed an enhanced sentence of 10 years in prison, to be followed by five years of postrelease supervision. Defendant appeals.
Initially, we are unpersuaded that defendant's waiver of his right to appeal, which was a condition of the plea agreement, is invalid. We note that the combined oral and written waiver are substantially similar to those that we recently found to be valid (see People v Joseph, 227 AD3d 1233, 1234-1235 [3d Dept 2024]). The written waiver of appeal, which the record reflects defendant reviewed with counsel and executed during the plea colloquy, made clear that the waiver was not an absolute bar to an appeal and that he retained the right to appeal certain specified nonwaivable issues. The written waiver further confirmed that defendant had been apprised of his appellate rights and sufficiently explained the nature of the rights being waived, and both the oral colloquy and the written waiver advised defendant that the waiver of appellate rights was separate and distinct from those rights automatically forfeited by his guilty plea. "Under these circumstances, we are satisfied that the counseled defendant understood the distinction that some appellate review survived and find that defendant's combined oral and written waiver of the right to appeal was knowing, intelligent and voluntary" (id. at 1235 [internal quotation marks and citations omitted]; see People v Lopez, 6 NY3d 248, 255-256 [2006]). Given the valid appeal waiver, and noting that Supreme Court clearly advised defendant of conditions of the plea and the consequences for violating those conditions, defendant's [*2]challenge to the enhanced sentence as harsh and severe is precluded (see People v Yeager, 229 AD3d 942, 943 [3d Dept 2024]; People v Turner, 158 AD3d 892, 892-893 [3d Dept 2018]).
We reject defendant's contention that Supreme Court erred in denying his motion to withdraw his plea without conducting an evidentiary hearing. "Whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of the trial court[;] withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement and an evidentiary hearing will be required only where the record presents a genuine question of fact as to the plea's voluntariness" (People v Ward, 228 AD3d 1134, 1135 [3d Dept 2024] [internal quotation marks, brackets, ellipses and citations omitted], lv denied ___ NY3d ___ [Oct. 23, 2024]; see People v Roosevelt, 169 AD3d 1117, 1117-1118 [3d Dept 2019]).
Defendant asserts that further inquiry was warranted into his claim of actual innocence based upon a written statement from an individual claiming ownership of the gun, which he claimed he stole, along with drugs, from an escort. We disagree. As noted by Supreme Court, defendant pleaded guilty to criminal possession of a weapon, stemming from defendant being the sole occupant of the vehicle where the gun was located. As such, ownership is irrelevant. In addition, the court noted the inconsistent statement by defendant during the presentence interview that he had stolen the gun from an escort.
As for defendant's contention that his plea was involuntary because he was unable to focus as he had not taken his prescribed medication, Supreme Court reviewed the lengthy plea colloquy, noting that defendant demonstrated ample focus throughout the plea proceeding, having been specifically questioned with respect to the effects of his medication, ability to focus, the voluntariness of the plea and understanding of the terms and conditions of the plea. As defendant's claims, which are unsupported or contradicted by the record, fail to raise a genuine issue of fact, Supreme Court did not abuse its discretion in denying defendant's motion to withdraw the plea without a hearing (see People v Quinones, 51 AD3d 1226, 1227-1228 [3d Dept 2008], lv denied 10 NY3d 938 [2008]).
Defendant contends that counsel was ineffective because counsel, in relation to the motion to withdraw the plea, failed to provide sufficient supporting documentation and took an adverse position against him. Contrary to defendant's claim, the failure of counsel to provide a sworn statement from the individual who claimed to own the gun did not render counsel ineffective, as such information provided little chance of success on the motion given that it was irrelevant to the crime to which defendant pleaded (see e.g. People v Pittman, 166 AD3d 1243, 1245-1246 [3d Dept 2018], lv denied 32 NY3d 1176 [2019]). The record also belies defendant's contention that counsel, in responding to Supreme [*3]Court's inquiries, took an adverse position against defendant in connection with the motion to withdraw the plea. Counsel's responses did not affirmatively undermine defendant's arguments nor were they otherwise adverse to the position taken by defendant in his motion to withdraw his plea (see People v Arlt, 219 AD3d 986, 988 [3d Dept 2023], lv denied 40 NY3d 996 [2023]). To the extent that defendant asserts that counsel should have advocated against an enhanced sentence on the basis that his failure to appear at sentencing was not willful, such argument relies on communications between defendant and counsel that are outside the record and, as such, is more properly the subject of a motion pursuant to CPL article 440 (see People v Rivera, 212 AD3d 942, 949 n 2 [3d Dept 2023], lv denied 39 NY3d 1113 [2023]; People v Taylor, 194 AD3d 1264, 1266 [3d Dept 2021], lv denied 37 NY3d 975 [2021]). As the record otherwise fails to disclose that defendant was denied meaningful representation, we are satisfied that defendant received the effective assistance of counsel.
Finally, although not precluded by the valid appeal waiver and sufficiently preserved at sentencing (see People v Larock, 211 AD3d 1234, 1235 [3d Dept 2022]; People v Turner, 158 AD3d at 893), defendant's contention that Supreme Court impermissibly imposed an enhanced sentence is without merit. Defendant did not call into question the validity of the postplea arrest and the record reflects that the court made a sufficient inquiry into the basis of defendant's arrest, as well as his failure to appear at sentencing for nearly six months after the scheduled sentencing date, in order to determine if defendant violated express conditions of the plea agreement (see People v Albergotti, 17 NY3d 748, 750 [2011]; People v Outley, 80 NY2d 702, 713 [1993]). Accordingly, we find no basis to disturb the court's imposition of an enhanced sentence.
Aarons, J.P., Pritzker, Ceresia and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.