People v Gonzalez (2025 NY Slip Op 00352)

People v Gonzalez

2025 NY Slip Op 00352

Decided on January 23, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 23, 2025

113447
[*1]The People of the State of New York, Respondent,
v
Eric H. Gonzalez, Appellant.

Calendar Date:January 3, 2025

Before:Garry, P.J., Egan Jr., Pritzker, Powers and Mackey, JJ.

Thomas R. Villecco, Albany, for appellant.
F. Paul Battisti, District Attorney, Binghamton (Joann Rose Parry of counsel), for respondent.

Appeal from a judgment of the County Court of Broome County (Joseph Cawley, J.), rendered January 6, 2022, convicting defendant upon his plea of guilty of the crime of assault in the second degree.
Defendant waived indictment and pleaded guilty to assault in the second degree as charged in a superior court information, pursuant to a plea agreement that required that he execute a waiver of appeal. This plea agreement also resolved, among other things, numerous other felony and misdemeanor charges. In exchange, defendant was promised a sentence of time served and five years of probation, provided he abide by certain postplea conditions including, as relevant here, not being charged with further criminal conduct. Defendant was released from custody and subsequently arrested and charged with new criminal conduct. County Court thereafter advised defendant that it intended to impose an enhanced sentence, and, after defendant waived a hearing, the court imposed a prison term of two years, to be followed by three years of postrelease supervision. The court also directed defendant to pay restitution. Defendant appeals.
We affirm. Contrary to defendant's claims, his waiver of appeal is valid (see People v Sindoni, 226 AD3d 1218, 1219 [3d Dept 2024]; People v Wint, 222 AD3d 1050, 1050 [3d Dept 2023], lv denied 41 NY3d 945 [2024]). The record reflects that defendant was informed during the plea colloquy that a waiver of his right to appeal was a condition of his plea agreement, and that this waiver was separate and distinct from the trial-related rights forfeited by his guilty plea. Defendant and defense counsel thereafter confirmed that they had reviewed the waiver, and defendant indicated his understanding and acceptance of that term. Defendant then executed a detailed written waiver of his right to appeal that, although containing some overbroad language, is identical to waivers of appeal this Court has previously found to be valid in that it "expressly delineated the appellate rights that were not encompassed by the waiver" (People v Wint, 222 AD3d at 1051; see People v Sindoni, 226 AD3d at 1219; People v Crampton, 201 AD3d 1020, 1021 [3d Dept 2022], lv denied 37 NY3d 1160 [2022]; People v Thompson, 193 AD3d 1186, 1186-1187 [3d Dept 2021]). As the combined oral and written appeal waiver made clear that appellate review of certain issues survive the waiver, we find that defendant's waiver of appeal was knowing, voluntary and intelligent (see People v Lopez, 6 NY3d 248, 253, 255-256 [2006]; People v Sindoni, 226 AD3d at 1219). Given the valid appeal waiver and County Court's advisement of the consequences of incurring additional criminal charges prior to sentencing, defendant's challenge to the severity of the enhanced sentence is precluded (see People v Lane, ___ AD3d ___, ___, 223 NYS3d 428, ___, 2024 NY Slip Op 06252, *1-2 [3d Dept 2024]). Considering defendant's waiver of an Outley hearing and his failure to otherwise challenge the validity of his postplea [*2]arrest, his procedural challenge to the imposition of an enhanced sentence is unpreserved for our review (see People v James,231 AD3d 1435, 1436 [3d Dept 2024]; People v Davis, 199 AD3d 1123, 1125 [3d Dept 2021], lv denied 37 NY3d 1160 [2020]).
Defendant further argues that the restitution orders should be vacated in that the record does not contain sufficient evidence to support the amount ordered of $6,720.10. Although the appeal waiver does not preclude defendant's assertion given that the exact amount of restitution was not specified as part of the plea agreement (see People v Drake, 179 AD3d 1221, 1222 [3d Dept 2020], lv denied 35 NY3d 941 [2020]), during the plea proceedings, defense counsel acknowledged that contemplated restitution would be in excess of $6,000, and defendant neither requested a hearing nor objected to the amount of restitution imposed at the time of sentencing. Thus, the issue is unpreserved for our review (see People v Horne, 97 NY2d 404, 414 n 3 [2002]; People v Ryan, 176 AD3d 1399, 1402 [3d Dept 2019], lv denied 34 NY3d 1081 [2019]).
Garry, P.J., Egan Jr., Pritzker, Powers and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.