People v Freshwater (2025 NY Slip Op 02974)

People v Freshwater

2025 NY Slip Op 02974

Decided on May 15, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 15, 2025

CR-24-1256
[*1]The People of the State of New York, Respondent,
v
Joseph Freshwater Jr., Appellant.

Calendar Date:March 24, 2025

Before:Garry, P.J., Clark, Lynch, Fisher and Powers, JJ.

Danielle Neroni Reilly, Albany, for appellant.
G. Scott Walling, Special Prosecutor, Slingerlands, for respondent.

Powers, J.
Appeal from a judgment of the County Court of Saratoga County (James Murphy III, J.), rendered May 8, 2024, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.
In August 2023, defendant was charged by felony complaint with sexual abuse in the first degree (see Penal Law § 130.65 [3]). He thereafter waived indictment and agreed to be prosecuted by a superior court information charging him with the same crime. Defendant pleaded guilty to that crime and, as a condition of this guilty plea, agreed to waive his right to appeal. County Court sentenced defendant to a prison term of three years, to be followed by 10 years of postrelease supervision, consistent with the terms of the plea agreement.[FN1] Defendant appeals.
Initially, the written waiver of the right to appeal purports to waive defendant's right to seek collateral relief, and, while making clear that some direct appellate review survived, neither the written waiver nor the oral colloquy clarified that defendant's right to seek collateral relief survived (see generally People v Bisono, 36 NY3d 1013, 1017-1018 [2020]). Thus, we agree with defendant's contention that the waiver of the right to appeal he had purported to execute in connection with his guilty plea is invalid (see People v Guilianelle, 233 AD3d 1179, 1180 [3d Dept 2024]; People v Lunt, 232 AD3d 1054, 1056 [3d Dept 2024]; People v Lester, 232 AD3d 1056, 1057 [3d Dept 2024]; People v Werner, 227 AD3d 1273, 1273 [3d Dept 2024]). As a result, defendant's challenge to the severity of the sentence imposed is not precluded (see People v Lester, 232 AD3d at 1057). Nevertheless, considering the nature of the offense, we do not find the imposition of the agreed-upon sentence to have been unduly harsh or severe and decline defendant's request to modify it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]; [6] [b]; People v Herbert, 230 AD3d 1433, 1434 [3d Dept 2024], lv denied 42 NY3d 1036 [2024]).
Irrespective of the validity of the appeal waiver, defendant failed to preserve his further challenge to the voluntariness of his plea as he did not make an appropriate postallocution motion (see People v Leroux, 234 AD3d 1214, 1214-1215 [3d Dept 2025]; People v Harris, 233 AD3d 1202, 1204 [3d Dept 2024]). "[T]he narrow exception to the preservation requirement is not implicated as defendant did not make any statements — either during the plea colloquy or at the time of sentencing — that negated an element of the charged crime, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea" (People v See, 206 AD3d 1153, 1155 [3d Dept 2022] [internal quotation marks and citation omitted], lv denied 39 NY3d 1075 [2023]; see People v Bailey, 232 AD3d 1031, 1033-1034 [3d Dept 2024], lv denied 43 NY3d 929 [2025]). Defendant made conflicting statements to the Probation Department regarding his guilt during the course of the presentence investigation — that [*2]is, he initially denied having engaged in the underlying conduct but then later admitted to having done so. County Court provided defense counsel with an opportunity to address the presentence report on the record at sentencing, yet defense counsel declined the opportunity and requested that the agreed-upon sentence be imposed. To the extent these conflicting statements were inconsistent with defendant's admissions during the plea allocution, the statements were unsubstantiated and insufficient to impose a duty of further inquiry upon County Court (see People v Merritt, 210 AD3d 1209, 1210 [3d Dept 2022]; People v DeJesus, 210 AD3d 1195, 1196 [3d Dept 2022], lv denied 39 NY3d 985 [2022]; People v Clark, 209 AD3d 1063, 1064-1065 [3d Dept 2022], lv denied 39 NY3d 1140 [2023]; see also People v Dupree, 235 AD3d 120, 123-124 [1st Dept 2025]).
Similarly, defendant's claim that counsel failed to adequately investigate and prepare is also unpreserved in light of defendant's failure to raise these issues before County Court or move to withdraw his plea on these grounds (see People v Lunt, 232 AD3d at 1055; People v Arlt, 219 AD3d 986, 989 [3d Dept 2023], lv denied 40 NY3d 996 [2023]). Nevertheless, these arguments pertain to matters outside of the record and are, therefore, more properly the subject of a CPL article 440 motion (see People v Loya, 215 AD3d 1181, 1183 [3d Dept 2023], lv denied 40 NY3d 929 [2023]).
Garry, P.J., Clark, Lynch and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Despite defendant's passing assertion to the contrary, the record demonstrates that this was an agreed-upon sentence, inasmuch as the People stated that the sentencing agreement was "a determinate term in state prison of three years," and defendant did not object and, in fact, conveyed that this was the understanding.