People v Steinard (2022 NY Slip Op 06295)

People v Steinard

2022 NY Slip Op 06295

Decided on November 10, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 10, 2022

111992
[*1]The People of the State of New York, Respondent,
v
John Steinard, Appellant.

Calendar Date:October 11, 2022

Before:Garry, P.J., Clark, Aarons, Pritzker and Fisher, JJ.

Carolyn B. George, Albany, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Ulster County (Donald A. Williams, J.), rendered April 17, 2019, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.
Defendant waived indictment and entered a guilty plea to the reduced charge of grand larceny in the fourth degree as charged in a superior court information. As part of the plea agreement, defendant was required to waive his right to appeal and, in exchange, was promised a prison sentence of no more than 1½ to 3 years, and reserved the right to argue for parole supervision as part of the Willard drug treatment program (see CPL 410.91 [5]; Penal Law § 70.70 [3] [d]). At sentencing, County Court declined to order that defendant be placed in the Willard drug treatment program based upon, among other factors, his extensive criminal history, and, consistent with the plea agreement, sentenced him, as an acknowledged second felony offender, to a prison term of 1½ to 3 years and ordered him to pay restitution. Defendant appeals.
To the extent that defendant challenges his guilty plea as not knowing, voluntary and intelligent, this claim survives the appeal waiver but was not preserved by an appropriate postallocution motion despite ample opportunity to do so prior to sentencing (see CPL 220.60 [3]; People v Williams, 27 NY3d 212, 214 [2016]). The narrow exception to the preservation requirement is inapplicable, as defendant made no statements during the plea colloquy or at sentencing that were inconsistent with his guilt or that otherwise called into question the voluntariness of his plea (see People v Williams, 27 NY3d at 214; People v Lopez, 71 NY2d 662, 666 [1988]). Were we to address his claim despite the lack of preservation, we would find that defendant was informed of the plea terms and waived the constitutional trial-related rights forfeited by a guilty plea, which he indicated he understood and accepted in pleading guilty, and made a "knowing, voluntary and intelligent choice among alternative courses of action" (People v Conceicao, 26 NY3d 375, 382 [2015]; see Boykin v Alabama, 395 US 238, 243 [1969]; People v Tyrell, 22 NY3d 359, 361, 365 [2013]; People v Pompey, 203 AD3d 1411, 1412-1413 [3d Dept 2022], lv denied 38 NY3d 1009 [2022]). Defendant's challenge to the sentence as harsh and excessive, which he contends is not precluded by the waiver of appeal that he argues is invalid, is moot given that he has reached his maximum expiration date of his sentence and has been release from prison (see People v Vivona, 199 AD3d 1165, 1166 [3d Dept 2021]; People v Taylor, 194 AD3d 1264, 1266 [3d Dept 2021], lv denied 37 NY3d 975 [2021]).
Garry, P.J., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.