People v Terpening (2022 NY Slip Op 07097)

People v Terpening

2022 NY Slip Op 07097

Decided on December 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 15, 2022

110836 110837
[*1]The People of the State of New York, Respondent,
v
Joseph Terpening, Appellant.

Calendar Date:November 18, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Adam W. Toraya, Albany, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Clark, J.
Appeals from two judgments of the County Court of Ulster County (Donald A. Williams, J.), rendered October 5, 2018, convicting defendant upon his pleas of guilty of the crimes of aggravated driving while intoxicated and driving while intoxicated.
In full satisfaction of two multi-count indictments charging him with various alcohol-related offenses, defendant agreed to plead guilty to one count each of aggravated driving while intoxicated and driving while intoxicated with the understanding that he would be sentenced to concurrent terms of imprisonment — the longest of which was to be 1&frac13; to 4 years. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and the matter was adjourned. When defendant appeared for sentencing, he moved to withdraw his pleas contending, among other things, that they had been entered into under duress. County Court denied defendant's motion and imposed the agreed-upon terms of imprisonment. These appeals ensued.
Defendant's challenge to the voluntariness of his pleas, which was premised upon, as relevant here, his claim of coercion, survives his appeal waiver — regardless of its validity (see People v Haynes, 194 AD3d 1310, 1310 [3d Dept 2021]; People v Lende, 190 AD3d 1110, 1111 [3d Dept 2021], lv denied 36 NY3d 1121 [2021]) — and was preserved by his unsuccessful pro se oral motion to withdraw his pleas at the time of sentencing (see People v Blanford, 179 AD3d 1388, 1391 [3d Dept 2020], lv denied 35 NY3d 968 [2020]; see also People v Davis, 187 AD3d 1291, 1291-1292 [3d Dept 2020]). That said, we find defendant's argument to be unpersuasive.
Defendant, as so limited by his brief, argues that, at the time of his pleas, he was under duress, "in a daze" and not thinking clearly due to his mother's recent death and an unspecified "brain condition." However, defendant's self-reported and undocumented claims of various physical and mental impairments — as set forth in the presentence report — are belied by his sworn statements during the plea colloquy, wherein defendant denied suffering from any physical or mental impairment that would make it difficult for him to comprehend the plea proceeding, repeatedly answered in the affirmative when County Court asked if he understood the information being conveyed and indicated that he had no questions for either defense counsel or the court (see People v Burns, 133 AD3d 1045, 1047 [3d Dept 2015], lv denied 27 NY3d 1149 [2016]; cf. People v Chavis, 117 AD3d 1193, 1194 [3d Dept 2014]; People v Rought, 90 AD3d 1247, 1248 [3d Dept 2011], lv denied 18 NY3d 962 [2012]). Defendant's related claim of coercion is similarly unavailing, as the plea transcript reflects that defendant twice assured County Court that no one had threatened, coerced or forced him to plead guilty. Reviewing the record as a whole, we find that "[d]efendant's allegations do not amount to coercion but, rather, represent the type of situational [*2]coercion faced by many defendants who are offered a plea deal," which, in turn, is insufficient to undermine the voluntariness of his pleas (People v LaPierre, 189 AD3d 1813, 1815 [3d Dept 2020] [internal quotation marks and citation omitted], lv denied 36 NY3d 1098 [2021]; see People v Palmer, 174 AD3d 1118, 1119 [3d Dept 2019]). Accordingly, the judgments of conviction are affirmed.
Egan Jr., J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the judgments are affirmed.