People v Sambola (2023 NY Slip Op 05756)

People v Sambola

2023 NY Slip Op 05756

Decided on November 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 16, 2023

112041
[*1]The People of the State of New York, Respondent,
v
Mana Sambola, Also Known as Mana Sambole, Also Known as Mike, Appellant.

Calendar Date:October 13, 2023

Before:Egan Jr., J.P., Clark, Ceresia, McShan and Powers, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Kristin A. Bluvas of counsel), for appellant.
Letitia James, Attorney General, New York City (Michelle Maerov of counsel), for respondent.

Clark, J.
Appeal from a judgment of the County Court of Saratoga County (James A. Murphy III, J.), rendered April 12, 2019, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
In satisfaction of a multicount indictment and other pending charges, defendant entered into a written plea agreement — which was filed under seal with County Court — and pleaded guilty to the reduced charge of attempted criminal sale of a controlled substance in the third degree and, among other things, agreed to waive his right to appeal. Defendant was sentenced in accordance with the plea agreement to a prison term of three years followed by two years of postrelease supervision. Defendant appeals.
Defendant, in addition to challenging the validity of his appeal waiver, contends that County Court denied him due process and failed to ensure that the plea was knowing, voluntary and intelligent by not adequately explaining the rights automatically forfeited by the guilty plea and by insufficiently advising him of the deportation consequence of pleading guilty. Defendant's challenges to the guilty plea survive the appeal waiver regardless of its validity (see People v Taylor, 212 AD3d 891, 892 [3d Dept 2023], lv denied 39 NY3d 1114 [2023]; People v Goodwalt, 205 AD3d 1070, 1072 [3d Dept 2022], lv denied 38 NY3d 1071 [2022]). They are nevertheless unpreserved for our review, as the record does not reflect that defendant made an appropriate postallocution motion despite the opportunity to do so, and nothing in the record reflects that the narrow exception to the preservation rule was implicated (see People v Steinard, 210 AD3d 1202, 1202-1203 [3d Dept 2022]; People v Badmaxx, 178 AD3d 1205, 1206 [3d Dept 2019]).
Were we to address defendant's contentions, we would find no due process violation as County Court sufficiently informed defendant during the plea colloquy of the trial-related rights he was forfeiting by pleading guilty, including the right to a jury trial, the right to cross-examine witnesses and the right against self-incrimination (see Boykin v Alabama, 395 US 238, 243 [1969]; People v McCall, 217 AD3d 1266, 1267 [3d Dept 2023], lv denied 40 NY3d 998 [2023]). Further, the written plea agreement executed by defendant [FN1] also sets forth the trial-related rights forfeited by the guilty plea. In addition, defendant assured the court during the colloquy that counsel had answered all of his questions and that he was satisfied with counsel's representation. As the record reflects that defendant made a knowing, voluntary and intelligent choice to plead guilty, we decline to exercise our interest of justice jurisdiction to take any corrective action (see People v McCall, 217 AD3d at 1267; People v Steinard, 210 AD3d at 1203; People v Howard, 190 AD3d 1108, 1108-1110 [3d Dept 2021]).
Similarly, we would find that defendant was adequately apprised of the risk of deportation as a result of pleading guilty to [*2]the drug-related felony. During the plea proceeding, albeit subsequent to defendant admitting to the reduced charge, County Court informed defendant that his guilty plea could subject him to deportation. The court also noted that defendant was previously aware of such a potential outcome, as the deportation consequences were set forth in the written plea agreement and were the subject of a prior "lengthy discussion," and, in response, defendant acknowledged that he was advised of and understood such rights. As such, any contention that he was not sufficiently advised of the potential deportation consequences of pleading guilty to the felony drug charge would be without merit (see People v Tariq, 166 AD3d 1211, 1212 [3d Dept 2018], lv denied 32 NY3d 1178 [2019]; People v Thomas, 153 AD3d 1445, 1446 [3d Dept 2017], lv denied 30 NY3d 1064 [2017]).
Egan Jr., J.P., Ceresia, McShan and Powers, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant's challenge to the validity and relevancy of the written plea agreement was raised for the first time in his reply brief and, therefore, is not properly before this Court (see People v White, 217 AD3d 1283, 1285 n [3d Dept 2023]). Were we to consider the issue, we would find it to be without merit.