People v Williams (2025 NY Slip Op 00807)

People v Williams

2025 NY Slip Op 00807

Decided on February 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 13, 2025

113489
[*1]The People of the State of New York, Respondent,
v
Daniel S. Williams, Appellant.

Calendar Date:January 7, 2025

Before:Clark, J.P., Reynolds Fitzgerald, Ceresia, McShan and Powers, JJ.

Erin C. Morigerato, Albany, for appellant.
Lee C. Kindlon, District Attorney, Albany (Erin N. LaValley of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Albany County (Andra Ackerman, J.), rendered April 15, 2022, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
Defendant was indicted and charged with criminal possession of a weapon in the second degree and thereafter was afforded the opportunity to plead guilty to the reduced charge of attempted criminal possession of a weapon in the second degree with the understanding that he would be sentenced to a prison term of 3½ years, to be followed by three years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant, who remained at liberty on bail, pleaded guilty in conformity with the plea agreement, and the matter was adjourned for sentencing. When defendant failed to appear for both his presentence interview and sentencing, a bench warrant was issued. Upon his return to County Court, defendant indicated that he wished to withdraw his plea, and new counsel was assigned. Counsel then filed a formal motion upon defendant's behalf contending, as relevant here, that defendant did not have adequate time to review the discovery materials filed by the People. County Court denied defendant's motion without a hearing and, despite defendant's initial failure to appear, imposed the agreed-upon sentence. This appeal ensued.
We affirm. Although the written waiver of appeal utilized in this matter indeed was overbroad, County Court's oral colloquy, wherein the court expressly delineated the appellate issues that would survive the waiver, was sufficient to overcome the deficiencies in the written waiver and to ensure that defendant understood that some appellate review survived (see People v Smith, 232 AD3d 942, 942-943 [3d Dept 2024]; People v Fleshman, 221 AD3d 1066, 1069 [3d Dept 2023]). Accordingly, we are satisfied that defendant knowingly, intelligently and voluntarily waived his right to appeal. In light of the valid appeal waiver, defendant's challenge to the agreed-upon sentence imposed is precluded (see People v Miller, 227 AD3d 1232, 1233 [3d Dept 2024], lv denied 41 NY3d 1020 [2024]).
Defendant's challenge to the voluntariness of his plea survives even a valid appeal waiver and, further, was preserved by his unsuccessful motion to withdraw (see e.g. People v Terpening, 211 AD3d 1233, 1233-1234 [3d Dept 2022]), as was his related ineffective assistance of counsel claim (to the extent that it impacts upon the voluntariness of his plea) (see e.g. People v Sanders, 203 AD3d 1403, 1404 [3d Dept 2022]). Such claims, as well as defendant's argument regarding the denial of his motion to withdraw his plea, are largely premised upon the alleged failure of defendant's former counsel to provide defendant with copies of all of the relevant discovery materials. In support of his arguments on these points, defendant contends that he failed to receive certain unspecified discovery materials [*2]— as evidenced by an envelope addressed to defendant that was returned as undeliverable. The primary flaw in defendant's argument is that the envelope in question was marked as undeliverable in March 2021 — some seven months before the People extended the plea offer in October 2021, at which time defendant's former counsel acknowledged that he had reviewed the discovery materials and would be providing "additional copies" to defendant later that day. Moreover, prior to pleading guilty five days later, defendant, who remained at liberty at this point, assured County Court that he had been afforded a "full opportunity to speak with [counsel] about all of the relevant issues in [his] case," including the evidence against him and any potential defenses, and was satisfied with counsel's services. Further, we previously have held that even the admitted failure to provide a defendant with copies of the People's responses to discovery demands is — standing alone — insufficient to render a guilty plea involuntary or to constitute the ineffective assistance of counsel (see People v Hatcher, 211 AD3d 1236, 1237-1240 [3d Dept 2022], lv denied 39 NY3d 1078 [2023]). Upon reviewing the record as a whole, we are unpersuaded that defense counsel's alleged omissions in this regard rendered defendant's plea involuntary or deprived him of meaningful representation.
Defendant's remaining arguments regarding the voluntariness of his plea do not warrant extended discussion. Contrary to defendant's assertions, the plea colloquy reflects that he was both apprised of his Boykin rights (see generally People v Sambola, 221 AD3d 1180, 1181 [3d Dept 2023], lv denied 41 NY3d 985 [2024]; People v Steinard, 210 AD3d 1202, 1203 [3d Dept 2022]) and accurately informed of his maximum sentencing exposure (see Penal Law § 70.02 [1] [c]; [3] [c]). Further, to the extent that defendant now contends that the plea process was "rushed," defendant assured County Court that he was thinking clearly and had been afforded sufficient time to confer with counsel prior to pleading guilty (see e.g. People v Vittengl, 203 AD3d 1390, 1392 [3d Dept 2022]; People v LaPierre, 189 AD3d 1813, 1815 [3d Dept 2020], lv denied 36 NY3d 1098 [2021]), and "the pressure to which defendant was purportedly subjected was no different than the type of situational coercion faced by many defendants who are considering whether to plead guilty" (People v Kilgore, 218 AD3d 1054, 1057-1058 [3d Dept 2023] [internal quotation marks, brackets and citations omitted], lv denied 40 NY3d 1081 [2023]; see People v Ward, 228 AD3d 1134, 1137 [3d Dept 2024], lv denied 42 NY3d 1022 [2024]). Similarly, in light of defendant's sworn statements during the plea colloquy and considering the advantageous plea that he received, we are satisfied that defendant received meaningful representation (see People v Vences, 232 AD3d 991, 994 [3d Dept 2024]; People v Hatcher, 211 AD3d at 1240). To the extent that counsel's alleged omissions — such as [*3]failing to investigate defendant's criminal history — implicate matters outside of the record, such claims are more properly the subject of a CPL article 440 motion (see People v Miller, 190 AD3d 1029, 1031 [3d Dept 2021]).
As for the denial of defendant's motion to withdraw his plea, "[w]hether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of the trial court, withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement and an evidentiary hearing will be required only where the record presents a genuine question of fact as to the plea's voluntariness" (People v Ward, 228 AD3d at 1135 [internal quotation marks, brackets, ellipses and citations omitted]; see People v Iorio, 188 AD3d 1352, 1352-1353 [3d Dept 2020], lv denied 36 NY3d 1051 [2021]). Defendant's argument on this point was largely premised upon counsel's alleged failure to provide defendant with copies of all relevant discovery materials — a claim that, to the extent not affirmatively belied by the record, is nonetheless unpersuasive — and defendant's motion papers offer no support for his belated claim of actual innocence. Under these circumstances, we cannot say that County Court abused its discretion in denying defendant's motion to withdraw his plea without a hearing. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Clark, J.P., Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the judgment is affirmed.