People v Scully (2025 NY Slip Op 05276)

People v Scully

2025 NY Slip Op 05276

Decided on October 2, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 2, 2025

113448
[*1]The People of the State of New York, Respondent,
v
David P. Scully, Appellant.

Calendar Date:September 11, 2025

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the County Court of Clinton County (Keith Bruno, J.), rendered January 7, 2022, convicting defendant upon his plea of guilty of the crime of endangering the welfare of a child.
As relevant here, defendant was charged in two separate informations with assault in the third degree and endangering the welfare of a child. The charges stemmed from an incident wherein defendant struck his son in the face. In full satisfaction of those instruments, defendant was afforded the opportunity to plead guilty to endangering the welfare of a child with the understanding that he would be sentenced to three years of probation. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the agreement, and the matter was adjourned for sentencing. Prior to sentencing, defendant obtained new counsel and filed a motion to withdraw his plea. The People opposed the application, and County Court denied the motion without a hearing. County Court thereafter sentenced defendant to three years of probation. This appeal ensued.
We affirm. Defendant's challenge to the voluntariness of his plea survives his appeal waiver — regardless of its validity (see People v Williams, 235 AD3d 1066, 1067 [3d Dept 2025]; People v Haynes, 194 AD3d 1310, 1310 [3d Dept 2021]) — and is preserved for our review based upon his unsuccessful motion to withdraw (see People v Gouge, 239 AD3d 1143, 1144 [3d Dept 2025]; People v Hatcher, 211 AD3d 1236, 1237 [3d Dept 2022], lv denied 39 NY3d 1078 [2023]). That said, "whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of the trial court, withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement and an evidentiary hearing will be required only where the record presents a genuine question of fact as to the plea's voluntariness" (People v Williams, 235 AD3d at 1069 [internal quotation marks, brackets and citations omitted]; accord People v Roque, 234 AD3d 1050, 1051 [3d Dept 2025], lv denied 43 NY3d 946 [2025]). Defendant failed to make such a showing here.
To the extent that defendant's motion was premised upon his concern that, if he did not plead guilty, his trial would proceed before another judge with whom he purportedly had "some history," defendant assured County Court that he had been afforded sufficient time to discuss his plea with counsel, denied that anyone had threatened him or pressured him to plead guilty and made clear that he was pleading guilty freely and voluntarily (see People v Byrd, 239 AD3d 1146, 1147 [3d Dept 2025]; People v Arlt, 219 AD3d 986, 988 [3d Dept 2023], lv denied 40 NY3d 996 [2023]). Under these circumstances, we are satisfied that defendant's "claim amounts to nothing more than the type of situational coercion faced by many defendants who are considering whether to plead guilty" (People v Byrd, 239 AD3d at 1147 [internal quotation marks [*2]and citations omitted]; see People v Terpening, 211 AD3d 1233, 1234 [3d Dept 2022]). Defendant's further assertion — that he was "in a fragile mental state" at the time of his plea due to a recent death in his family — is belied by his sworn plea colloquy, wherein he advised County Court that he had discussed the matter with counsel, was thinking clearly, "fully" understood the court proceedings and was pleading guilty because he "[was] in fact guilty" (see People v Plass, 150 AD3d 1558, 1559 [3d Dept 2017], lv denied 29 NY3d 1094 [2017]; People v Russell, 79 AD3d 1530, 1531 [3d Dept 2010]). Finally, defendant's actual innocence claim is raised for the first time upon appeal and, hence, is unpreserved for our review (see generally People v Johnson, 232 AD3d 940, 941 [3d Dept 2024], lv denied 43 NY3d 945 [2025]; People v Miles, 205 AD3d 1222, 1223 [3d Dept 2022], lv denied 38 NY3d 1189 [2022]). Accordingly, County Court did not abuse its discretion in denying defendant's motion to withdraw his plea.
Clark, J.P., Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the judgment is affirmed.