People v Donovan QQ. (2026 NY Slip Op 01557)

People v Donovan QQ.

2026 NY Slip Op 01557

Decided on March 19, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 19, 2026

CR-22-2224
[*1]The People of the State of New York, Respondent,
vDonovan QQ., Appellant.

Calendar Date:February 11, 2026

Before:Garry, P.J., Aarons, Ceresia, Fisher and Mackey, JJ.

Craig S. Leeds, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court (Youth Part) of Schenectady County (Mark Blanchfield, J.), rendered November 9, 2022, convicting defendant upon his plea of guilty of the crime of attempted murder in the second degree.
Defendant was arraigned in County Court (Youth Part) on charges of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the fourth degree, and thereafter was arraigned on an additional charge of attempted murder in the second degree based upon an alternate theory of liability than previously charged. The charges were based upon allegations that defendant — who, at the time, was 16 years old — stabbed the victim multiple times during a carjacking. Following a mandatory hearing under CPL 722.23 (2) (c), County Court granted the People's application to prevent the criminal action being removed to Family Court, finding that defendant caused significant physical injury to the victim, who was not a participant in the offense, thereby constituting an aggravating factor precluding such transfer (see CPL 722.23 [2] [c] [i]).
Thereafter, defendant waived indictment and pleaded guilty to a superior court information charging him with attempted murder in the second degree. The terms of the plea agreement also required defendant to waive his right to appeal. At sentencing, County Court denied defendant youthful offender status and, in accordance with the terms of the plea agreement, imposed a prison term of 11 years, to be followed by five years of postrelease supervision. Defendant appeals.
Initially, defendant contends that County Court erred in not transferring jurisdiction of the criminal action to Family Court — an issue which challenges the court's jurisdiction and, therefore, survives despite the validity of the appeal waiver (see People v Aaron VV., ___ AD3d ___, ___, 242 NYS3d 411, 413-414 [3d Dept 2025]). CPL 722.23 (2) (a) provides that where, as here, an adolescent offender is charged with a violent felony defined in Penal Law § 70.02, he or she is entitled to a determination following arraignment as to whether, upon review of the accusatory instrument and any other relevant facts, the action should be removed from County Court (Youth Part) to Family Court. "Removal is required unless the People establish, by a preponderance of the evidence and as pertinent here, that the offender 'caused significant physical injury to a person other than a participant in the offense' " (People v Howard, 231 AD3d 1202, 1204 [3d Dept 2024], quoting CPL 722.23 [2] [c] [i]).
The People, in support of their application that the criminal action not be removed to Family Court, presented evidence that defendant caused multiple deep lacerations and significant blood loss, for which the victim required emergency room treatment, multiple surgeries and a prolonged hospital stay. Also proffered were sworn statements, including one from the victim, certified medical records noting the life-threatening [*2]injuries sustained by the victim and DNA evidence linking defendant to the weapon used in the attack. We are satisfied that such proof by the People sufficiently established by a preponderance of the evidence that defendant caused significant physical injury to the victim. Accordingly, removal to Family Court was not required and we find no reason to disturb County Court's determination that the action should remain within its jurisdiction (see People v Howard, 231 AD3d at 1204; People v C.D., 66 Misc 3d 1230[A], *3-4, 2020 NY Slip Op 50325[U] [NY County Ct 2020]; People v J.A., 66 Misc 3d 1226[A], *2, 2020 NY Slip Op 50286[U] [Nassau County Ct 2020]). 
Defendant's challenges to the voluntariness and/or factual sufficiency of his plea and alleged cumulative errors during the plea colloquy that purportedly deprived him of due process are unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion and, contrary to his contention, the record does not reflect that the narrow exception to the preservation rule was triggered (see People v Freeman, 244 AD3d 1381, 1381 [3d Dept 2025]; People v Terry, 244 AD3d 1378, 1379 [3d Dept 2025]). In any event, were we to address the issues we would find them to be without merit as defendant "was not required to recite the elements of his crime or engage in a factual exposition, as his affirmative and unequivocal responses to the inquiries posed to him were sufficient to establish his guilt" and the record belies any alleged due process violations with regard to the guilty plea (People v Ridge, 201 AD3d 1205, 1207 [3d Dept 2022] [internal quotation marks, ellipsis, brackets and citations omitted], lv denied 38 NY3d 1153 [2022]; see People v Terry, 244 AD3d at 1379; People v Sambola, 221 AD3d 1180, 1180-1181 [3d Dept 2023], lv denied 41 NY3d 985 [2024]). Similarly, defendant's assertion that he received ineffective assistance of counsel — to the extent that it impacts the voluntariness of the plea — is also unpreserved for our review absent an appropriate postallocution motion (see People v Ouderkirk, 244 AD3d 1371, 1378 [3d Dept 2025]; People v Austin, 243 AD3d 1068, 1070 [3d Dept 2025]). To the extent that defendant challenges County Court's discretionary denial of youthful offender treatment and the perceived severity of the agreed-upon sentence, such challenges are foreclosed by the unchallenged waiver of his right to appeal (see People v Pacherille, 25 NY3d 1021, 1024 [2015]; People v Butler, 232 AD3d 935, 936 [3d Dept 2024], lv denied 43 NY3d 929 [2025]; People v Hooker, 230 AD3d 1465, 1467-1468 [3d Dept 2024]).
Garry, P.J., Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.